ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* FULGHUM.

BLECKLEY, C. J.—1. A railroad corporation, whether *de facto* or *de jure,* and whether foreign or domestic, is subject to suit in this State *in personam* by a citizen thereof if it owns and operates a

railroad in this State which was built by virtue of an act of the legislature authorizing another corporation, chartered by an adjoining State, to build and operate said railroad, and which act declared the corporation so building and operating it subject to suit by citizens of this State in the county in which the road is located. A corporation in the actual use and exercise of all the rights and privileges of another corporation is subject to its burdens, and amongst them to suit for like causes of action for which suits could be maintained against such other corporation were it in possession of the franchises which have been acquired from it or else usurped.

2. Under the act of 1853 (Acts 1853-4, p. 464), in relation to the Wills Valley Railroad Company of Alabama, an employee (a brakeman), whose business was upon one and the same train running over the line of road, partly in Georgia and partly in Alabama, can maintain an action in Georgia for a personal injury sustained in Alabama, service of process being made as upon a domestic railway corporation. 2 Redf. on Railways, 633 and notes; 1 Rorer on Railroads, 677; 1 Beach on Railw. 254; R. R. Co. v. Harris, 12 Wall. 65; R. R. Co. v. Wightman's adm'r, 29 Grat. 431, 26 Am. Rep. 384; R. R. Co. v. Noell's adm'r, 32 Grat. 394; Graham v. Boston, etc. R. R. Co., 118 U. S. 161.

The facts are stated in the official report.    *Judgment affirmed.*
May 27, 1891.

Corporations. Railroads. Actions. Before Judge Milner. Dade superior court. September term, 1890.

The error assigned in this case is the overruling a demurrer to the plaintiff's declaration. The declaration was for damages for personal injuries alleged to have been sustained by Fulghum in the State of Alabama, while he, as a brakeman of defendant, was endeavoring to uncouple cars. It alleged, among other things, that plaintiff was at the time he sustained the injuries and still is a citizen of Georgia and of Dade county, where the suit was brought; that the defendant is running and operating a railroad through that county and into and through the State of Alabama and has a place of business in Dade county; that the defendant owns and operates the railroad through that county, formerly known as the Wills Valley railroad, which was built through the county under an act of the legislature of

Georgia, approved ———————— 1853, and the defendant is subject to all the liabilities and obligations and has all the rights and privileges by that act conferred and imposed upon the Wills Valley Railroad Company; and that the train upon which plaintiff was employed and engaged while injured, was a train running through the county on said railroad, and on the trip on which he was injured ran through the county. The demurrer was upon the ground that the cause of action did not arise in Dade county, nor within the State of Georgia, but did arise, if there be any, in Alabama, and so the court has no jurisdiction, but jurisdiction to try the cause is in the courts of Alabama, and it is not alleged in the declaration, nor is it the fact, that defendant has ever been incorporated under the laws of Georgia, but is a body politic incorporated under the laws of ———.

.W. U. & J. P. JACOWAY and R. J. & J. McCAMY, for plaintiff in error.

T. J. LUMPKIN and McCUTCHEN & SHUMATE, *contra*.