## SEABOARD AIR-LINE RAILWAY *v.* LEADER *et al.*

1. The mere fact that a railroad company is in possession of and operating a line of railway which formerly belonged to another company does not render the company so in possession liable for damages growing out of the breach of a contract which had been entered into by the other company, or for a tort committed by it, before the change of possession took place. In order to render a railroad company liable upon the contracts of or for torts committed by its predecessor in title, it must appear either that it has assumed the liability of its predecessor sought to be imposed upon it, or that the law charges it with such liability.
2. There is nothing in Civil Code, § 1863, construed in the light of the decision of this court from which it was codified, which renders a corporation purchasing the line of railway of another corporation liable either upon the contracts or for the torts of its predecessor in title, in the absence of an agreement to be so liable.

Submitted May 1,— Decided June 9, 1902.

Certiorari. Before Judge Roberts. Montgomery superior court. December 16, 1901.

*J. B. Geiger*, for plaintiff in error. *W. M. Lewis*, contra.

Cobb, J.  The plaintiffs sued the Seaboard Air-Line Railway as successor to the Georgia & Alabama Railway Company, in a justice's court, for damages claimed to have resulted from the loss by the defendant of two dozen pairs of pants of the value of $29.50.  The trial resulted in a verdict in favor of the plaintiffs, and the case was carried by certiorari to the superior court, where the judgment of the justice's court was affirmed and the certiorari dismissed.  To this ruling the defendant excepted.  It appears from the answer of the magistrate that the evidence at the trial showed that L. Goldman delivered to the Baltimore & Ohio Railroad Company, in New York, a case of clothing, which, according to the bill of lading issued, was to be transported by the railroad company just named and its connecting carriers to the plaintiffs at Vidalia, Georgia.  The box referred to in the bill of lading was delivered to the Georgia & Alabama Railway Company and by it transported to Vidalia. When delivered by that company to the plaintiffs the box was in a damaged condition and two dozen pairs of pants were gone.  There was evidence that the missing pants were worth the amount sued for. It appears from the testimony of one of the plaintiffs that after they received the box from the Georgia & Alabama Railway Company that line of railway went into the possession of the Seaboard Air-Line Railway.  The goods were received by the plaintiffs in 1899. The plaintiff further testified as follows:  "This change took place I think about July 1st, 1900.  I do not know how the Seaboard Air-Line Railway Co. got possession of the G. & A. Ry. property.  I do not know what contract, if any, was entered into between the G. & A. Ry. Co. and the S. A. L. Ry. Co. when the change took place; don't know whether the S. A. L. Ry. Co. assumed the liabilities of G. & A. or not.  I simply sued the S. A. L. Ry. Co. because they appeared to be operating the railroad as successors of the G. & A. Ry. Co., and I didn't know how else to get pay for my pants. I do not know whether the missing pants were ever delivered to the G. & A. Ry. or not."  There was evidence showing that the case of goods referred to in the bill of lading issued by the Baltimore & Ohio Railroad Company was received by the Georgia & Alabama Railway Company in bad order, and that exceptions to the condition of the box were taken at the time it was received.

We do not think, under the evidence, the verdict against the defendant was authorized.  Even if the evidence was sufficient to

authorize a finding against the Georgia & Alabama Railway Company, there is nothing in the record to show that the Seaboard Air-Line Railway is liable upon the contracts of or for the torts committed by the Georgia & Alabama Railway Company, entered into or committed by it before the Seaboard Air-Line Railway came into possession of the line of railway of the Georgia & Alabama Railway Company. While the Seaboard Air-Line Railway is sued as successor to the Georgia & Alabama Railway Company, there is nothing in the record to indicate how it succeeded the former company, whether by purchase, by lease, by merger, or otherwise. It was possible for the Seaboard Air-Line Railway to become the owner of the line of the Georgia & Alabama Railway Company without at the same time becoming responsible for its then existing liabilities, and one who claims that it did assume the liabilities of that company must establish this fact by competent evidence. The mere fact that the Seaboard Air-Line Railway is operating a line formerly owned by the Georgia & Alabama Railway Company would not render the first named liable upon a contract entered into by the latter, or for a tort committed by it, or subject the former to damages growing out of a breach by the latter of a contract made by it, or the commission of a tort by it, before the change of possession took place. It is contended, however, by counsel that the defendant is liable under the provisions of Civil Code, § 1863. That section is as follows: " All corporations, foreign or domestic, operating the franchise of a corporation chartered by this State, are subject to its burdens, and can be sued when and where and for like causes for [of] action for which suits could have been maintained against such other corporation, were it in possession of the franchise so acquired or usurped." It will be noticed that this section was codified from the decision of this court in *Alabama Great Southern Railroad Co.* v. *Fulghum,* 87 *Ga.* 263, and the section must be construed in the light of that decision. *Calhoun* v. *Little,* 106 *Ga.* 336 (3). In the *Fulghum* case it was simply held that when one railroad company is in possession of and exercising the franchises of another railroad company, it is liable to one who sustained a personal injury growing out of the running of a train, to the same extent that the railroad company which owned the line would be liable. Nothing in that decision, or in the section of the code construed in the light of that decision, would

. render a railroad company which purchased the line of another company liable for the breach of a contract of its predecessor in title, or for damages growing out of a tort committed by it, in the absence of an agreement on its part to pay such claims against its predecessor in title.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*