## BALTIMORE AND OHIO RAILROAD COMPANY v. RYAN, ADMINISTRATRIX.

[No. 4,507. Filed November 17, 1903.]

REMOVAL OF CAUSES.—*Complaint in More than One Paragraph.*—*Amount in Controversy.*—Where it affirmatively appears on the face of the complaint that all of the paragraphs of a complaint consisting of more than one paragraph, are based upon one and the same occurrence, the statement being varied merely to meet the evidence as it may appear on the trial, the amount of the one cause of action is controlling; and, if damages be not claimed in excess of $2,000 in any of such paragraphs, the cause should not be removed to the federal court because of the amount in controversy. p. 599.

SAME.—*Amount in Controversy.*—The amount in controversy fixed by

the specific demand in a complaint for damages at $2,000 is not modified by the formal prayer "for all other and proper relief in the premises," there being no proper relief other than the pecuniary remedy demanded.  *p. 600.*

DEATH BY WRONGFUL ACT.—*Administrator May Sue for Sum Less than Limit Fixed by Statute.*—A statute authorizing an action by a personal representative for the benefit of the next of kin to one killed by the wrongful act of another, and limiting the amount of recovery to $5,000, does not preclude the personal representative from suing for a sum less than $5,000.  *pp. 600, 601.*

SAME.—*Complaint.*—*Contributory Negligence.*—In an action against a railroad company for a death by wrongful act, the complaint need not aver absence of contributory negligence, nor need it state facts showing freedom from contributory fault.  *p. 601.*

RAILROADS.—*Action for Damages Accruing in Another State.*—*Effect of Foreign Statute.*—Where a citizen of Indiana brings suit in a court in his own State, the action having accrued in a city in the state of Illinois, he is entitled to the benefit of an Illinois statute relative to the use of whistles and bells on locomotives, and of a city ordinance of the foreign city concerning the maintenance by a railroad company of gates at street crossings.  *pp. 601, 602.*

PLEADING.—*Foreign Statute or Ordinance.*—*Action for Damages.*—Where an action for damages is instituted in this State, which action accrued in another state, and it is sought to take advantage of a statute or ordinance of the state where the action accrued, the statute or ordinance must be pleaded and proved.  *p. 602.*

APPEAL.—*Denial of Term-time Appeal.*—*Harmless Error.*—The denial of a term-time appeal, if error, is harmless, where a vacation appeal is afterwards granted in which it affirmatively appears that a term-time appeal could not have resulted in benefit to the appellant.  *pp. 603, 604.*

JUDGMENT.—*Setting Aside Default.*—*Misunderstanding of Attorney.*—A default will not be set aside on the ground that the attorney who suffered the default to be taken had misunderstood his instructions, where no reason for such misunderstanding is shown except that of forgetfulness and inattention.  *p. 604.*

From Porter Circuit Court; *W. C. McMahan,* Judge.

Action by Mary E. Ryan, administratrix of the estate of Thomas J. Ryan, deceased, against the Baltimore & Ohio Railroad Company.   From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Pam, Calhoun & Glennon* and *W. H. Dowdell,* for appellant.

*N. L. Agnew,* for appellee.

BLACK, J.—The appellant has questioned in this court the jurisdiction of the court below, in which its application for the removal of the cause to the circuit court of the United States for the district of Indiana was denied. The appellee sued as administratrix of the estate of Thomas J. Ryan, deceased, to recover damages for causing his death by negligently running a locomotive engine and tender against him on a street crossing in the city of Chicago, Illinois. There were two paragraphs of complaint, in each of which the damages were laid in the sum of $2,000, and at the close of each paragraph the appellee, in the same language, demanded judgment for that amount, and all other and proper relief in the premises.

In the verified petition for removal the appellee was said to be a citizen and resident of this State, and the appellant was alleged to be a corporation duly incorporated under the laws of another state named, and a citizen thereof, having its principal office there; and it was claimed in the petition that the matter in dispute, exclusive of interest and costs, exceeded the sum or value of $2,000.

It is suggested as a reason why, upon the filing of the petition and bond, the cause should have been removed, that the aggregate of the damages demanded in the complaint was $4,000. We can not accept this view. It is manifest that in each paragraph the same person in the same right seeks damages for the death of the same person wrongfully caused by the appellant's servants, and that each paragraph relates to the same time and place and the same occurrence. While each paragraph purports to set up a cause of action independently, there could not be a recovery for the aggregate amount of the damages demanded in both paragraphs. There could be a recovery only for one death, the damages from which the appellee did not claim to be greater than $2,000, to which amount her damages would necessarily be limited. "By matter in dispute is meant the subject of litigation—the matter for which the suit

is brought—and upon which issue is joined, and in relation to which jurors are called and witnesses examined." *Lee* v. *Watson,* 1 Wall. (U. S.) 337. Where it thus affirmatively and clearly appears on the face of the complaint that all of the paragraphs of the complaint, consisting of more than one paragraph, are based upon one and the same occurrence, the statement being varied merely to meet the evidence as it may appear on the trial by alleging some other or additional negligent conduct, the amount of the one cause of action should be controlling; and, if damages be not claimed in excess of $2,000 in any of such paragraphs, the cause should not be removed because of the amount in controversy. The amount in controversy was the amount demanded in the complaint. *Lake Erie, etc., R. Co.* v. *Juday,* 19 Ind. App. 436; *Western Union Tel. Co.* v. *Levi,* 47 Ind. 552.

There were not several causes of action arising out of one transaction or occurrence, but a single cause of action, though stated somewhat differently in the different paragraphs. *Brownell* v. *Pacific R. Co.,* 47 Mo. 239. If the plaintiff in such case should obtain in his favor either a general verdict, or a verdict on one count, this would bar a further recovery for the death of the intestate. The amount in dispute was not modified by the formal prayer for all other and proper relief in the premises, there being no proper relief other than the pecuniary remedy demanded. *Baltimore, etc., R. Co.* v. *Worman,* 12 Ind. App. 494.

The appellant, in its brief, refers to a statute of Illinois, which is set out in each paragraph of the complaint, authorizing such suit brought by and in the name of the personal representatives of the deceased person, it being provided that the amount recovered shall be for the exclusive benefit of the widow and next of kin, and the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of the

deceased person, not exceeding the sum of $5,000; and thereupon it is contended upon behalf of the appellant that the administratrix had no authority to sue for less than $5,000 without the approbation of the court which appointed her, and that the amount legally in issue was that sum. Such an action is one for the recovery of unliquidated damages. The damages, by the terms of the statute, are to be such as the jury shall deem a fair and just compensation, having reference, in estimating and awarding them, to the pecuniary injuries resulting to the wife and next of kin. The statute does not designate the amount recoverable, but fixes the sum of $5,000 as the limit which may not be exceeded by the jury. Of course, that amount can not properly be awarded if it should be more than sufficient to compensate such resulting injuries. The court, in acting upon the petition for removal, can not determine that in the particular case a greater amount might be recovered than that of the damages demanded, but, for the purposes of the application for removal, must conclude that no more can be recovered in the action than the amount laid and claimed as damages. The position thus taken by counsel may perhaps be regarded as not quite consistent with the claim that the matter in controversy was $4,000, the sum of the amounts separately laid and claimed in each paragraph as damages. To be consistent, it should perhaps have been claimed that two distinct causes of action, each for the recovery of $5,000, were declared upon.

Under an assignment of error assailing the complaint as insufficient, counsel for the appellant base the objection especially upon the absence of averments showing that the deceased exercised due care, and cite many decisions, the applicability of which as furnishing a rule of pleading has ceased because of our statute relieving the plaintiff in such case of the burden of showing want of contributory negligence on the part of the person injured or killed. It is no longer necessary in such case to allege in the com-

plaint the absence of contributory negligence, or to state facts showing freedom from contributory negligence.

In this connection it is claimed, also, that a statute of Illinois relating to the providing and using of whistles and bells on locomotive engines, set out in both paragraphs of the complaint, and an ordinance of the city of Chicago concerning the maintenance by railroad companies of gates at street crossings, set out in the second paragraph of complaint, relate only to the remedy in Illinois, and that to permit such statute or ordinance to affect the remedy in this case would be giving them extraterritorial effect, which they do not possess, as the law of Indiana governs the remedy, citing *Smith* v. *Wabash R. Co.*, 141 Ind. 92. Counsel perhaps misapprehended the decision cited, which is to the effect that a statute of another state concerning the presumption of negligence pertains to the remedy and can not have extraterritorial force.

"The quantity or degree of evidence requisite to sustain an action or to change the burden of proof is determined by the law of the forum, and not by the law of the place where the cause of action arose. It belongs not to the law of rights, but the law of remedy." *Richmond, etc., R. Co.* v. *Mitchell,* 92 Ga. 77, 18 S. E. 290; *Pennsylvania Co.* v. *McCann,* 54 Ohio St. 10, 42 N. E. 768; *Smith* v. *Wabash R. Co., supra;* Elliott, Railroads, §1365.

The cause of action for the recovery of damages for pecuniary loss resulting from the death of the appellee's intestate by the negligence of the appellant, the right to recover having accrued in another state, under a statute similar in import and character to one in force in this State, was in the nature of a transitory cause of action, and the right to maintain the action was not confined to the state where the negligence complained of occurred, though in such an action instituted in this State such statute of the sister state must be pleaded and proved, inasmuch as our courts can not take judicial notice thereof. *Burns* v. *Grand*

*Rapids, etc., R. Co.,* 113 Ind. 169; *Cincinnati, etc., R. Co.* v. *McMullen,* 117 Ind. 439, 10 Am. St. 67; *Stewart* v. *Baltimore, etc., R. Co.,* 18 Sup. Ct. 105, 42 L. Ed. 537; *Dennick* v. *Railroad Co.,* 103 U. S. 11; *Law* v. *Western Railway,* 91 Fed. 817. The right of action was governed by the law of the state where the tort which caused the death was committed, though the action might be maintained by a personal representative appointed in this State. *Erickson* v. *Pacific Coast, etc., Co.,* 96 Fed. 80; *Van Doren* v. *Pennsylvania R. Co.,* 93 Fed. 260. If the objection were well taken as to the city ordinance, it could not be available to the appellant under an attack made by assignment in this court, which can not prevail unless all the paragraphs were insufficient; but the statute and the ordinance in question did not relate to the remedy, but did enter into the right to bring and maintain an action for the tort in Illinois. That right having so arisen there, the cause of action was transitory, and might be asserted in this State, though the action here is governed as to the rules of pleading and evidence, including presumptions and the burden of proof, by the rules of law of this State.

It is urged that the court erred in refusing to grant the appellant's prayer for an appeal in term time. The petition for the removal of the cause was filed in the same vacation in which the complaint was filed. At the term, the appellant, as appears from the record, entered its special appearance for the purpose of objecting to the further taking of jurisdiction of the cause. The court having overruled the objection, and the appellant, still appearing specially, having excepted to this ruling, it then refused to appear further in the cause, or to enter any appearance therein; whereupon the appellant was defaulted, and the cause was submitted to the court for trial. On the same day, after finding and judgment, the appellant appeared for the purpose only of praying an appeal to the Supreme Court, and tendered an appeal bond; and the prayer for

an appeal being denied, the appellant excepted to the ruling. Thus the appellant, having refused to appear in the cause and having voluntarily submitted to a default for want of appearance, was denied a term-time appeal. But it has brought a vacation appeal, and has failed to establish that the court had in any respect erred in the proceedings and judgment from which it prayed an appeal. This is not an appeal in a proceeding to compel the acceptance of an appeal bond and grant an appeal, but it is an appeal involving the same questions that would have been involved in a term-time appeal. This court will not reverse a judgment for a ruling of the trial court which did not injure the appellant. There must be some indication that the ruling was injurious. Where in a vacation appeal it appears affirmatively that a term-time appeal could not have resulted in benefit to the appellant, we can not set aside the judgment.

Some days after the rendition of judgment by default, the appellant moved the court to set aside the default and judgment on account of alleged inadvertence and mistake of one of the appellant's attorneys. In overruling this motion there was no error. The attorney refused to appear and purposely suffered a default, and, under well-settled practice, there was no sufficient reason set forth in his affidavit for opening up the case. If he failed to follow directions from his superior, as seems to be claimed, no reason is shown therefor other than that he discovered after the rendition of the judgment that he had inadvertently overlooked or misunderstood instructions, which, as stated, required him to enter objections and appearance, and to pray an appeal and perfect the same, in case of necessity, and to do all such necessary acts to accomplish the defense of the company in the trial of the cause, and which, it is stated, did not authorize the attorney to enter a special appearance in the cause. No reason for misunderstanding such instructions is apparent, and to have inadvertently overlooked

them, which could only be through forgetfulness or inattention, was not a sufficient ground for relief.

Judgment affirmed.