ATLANTA & WEST POINT RAILROAD COMPANY *v.* WISE.

No. 13231. MAY 16, 1940.

*Heyman & Heyman* and *Stanford Arnold,* for plaintiff in error.
*Stonewall H. Dyer, A. H. Freeman,* and *Ellis G. Arnall,* contra.

JENKINS, Justice. ■ The legislative act in adopting the present Code had the force and effect of enacting into one statute all the provisions in that Code. *Elder* v. *Home Building & Loan Asso.,* 188 *Ga.* 113, 115 (3 S. E. 2d, 75) ; *Barnes* v. *Carter,* 120 *Ga.* 895, 897 (48 S. E. 387), *Central of Ga. Ry. Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518) ; *Stone* v. *Georgia Loan & Trust Co.,* 107 *Ga.* 524 (33 S. E. 861). Just as is the rule in construing statutes, where the Code section involved is plain, unambiguous, and positive, and is not capable of two constructions, the court is not authorized to construe the act according to what is supposed to be the intention of the legislature. *Floyd County* v. *Salmon,* 151 *Ga.* 313, 315 (106 S. E. 280) ; *Fidelity & Casualty Co.* v.

*Whitaker,* 172 *Ga.* 663, 667 (158 S. E. 416). Where, however, by the language of the Code section itself, its context, and by reason of the expressed subject-matter under which it is grouped, it becomes proper and necessary to determine the true intent of the legislative body, it will be construed in the light of the source from which it came, to the extent that the language of the section itself may be compatible with such a construction. *Calhoun* v. *Little,* 106 *Ga.* 336 (3) (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254); *Wright* v. *DuBignon,* 114 *Ga.* 765, 769 (40 S. E. 747, 57 L. R. A. 669); *Seaboard Air-Line Ry.* v. *Leader,* 115 *Ga.* 702 (2), 704 (42 S. E. 38); *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702, 703 (78 S. E. 190, 46 L. R. A. (N. S.) 750); *Evans* v. *Brooke,* 182 *Ga.* 197, 206 (184 S. E. 800). In such a case, where the section has been codified from a decision of this court or of the Court of Appeals, the section will be construed, in so far as is compatible with its terms, so as to conform to the then existing law, rather than to change the rule in force at the time the Code was adopted. *Wilensky* v. *Central of Ga. Ry. Co.,* 136 *Ga.* 889, 891 (72 S. E. 418). Applying these principles to the question presented, chapter 105-4 of the Code of 1933 deals with "Invitees and Licensees." The two sections comprising this chapter are §§ 105-401 and 105-402. § 105-401 deals with the liability of an owner or occupier of land to invitees on account of a failure to exercise ordinary care in keeping the premises and approaches safe. The manifest purpose and intent of § 105-402 is to deal with the liability of an owner or occupier of land, not to invitees, to which § 105-401 was limited, but to licensees, on account of wilful and wanton neglect. The correctness of this construction is shown, not only by the subject-matter of the chapter under which the section is grouped, but the language of the new section itself, wherein it is declared that "the owner of such premises is liable to a licensee only for wilful or wanton injury." This language connotes the idea of liability *as owner of the premises.* It could not have reasonable application to an independent tort which might be committed by the owner of the premises. Especially would such apparent construction be required, where the Code section itself indicates as its source of authority for the rule stated a decision by the Court of Appeals (*Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, 118 S. E. 697), which relates to the liability of the

owner of property to invitees and licensees for failure to exercise proper care in keeping the premises in a safe condition. In accordance with the foregoing principles, the Court of Appeals did not err in holding (*Wise* v. *Atlanta &c. R. Co.*, 61 *Ga. App.* 372, 6 S. E. 2d, 135) that the decisions of this court and the Court of Appeals, which were of force at the time of the codification of § 105-402 (*Bullard* v. *So. Ry. Co.*, 116 *Ga.* 644, 43 S. E. 39; *Louisville & Nashville R. Co.* v. *Arp*, 136 *Ga.* 489, 71 S. E. 867; *Western & Atlantic R. Co.* v. *Michael*, 175 *Ga.* 1 (6), 165 S. E. 37; *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759, 154 S. E. 718), were not nullified by the inclusion of § 105-402 in the new Code, so as to limit the liability of a railroad company, for · an injury inflicted upon a licensee in the operation of its train, to wilful and wanton negligence.

■ "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." *Atlanta & W. P. R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29). Accordingly, the Court of Appeals did not err in holding in effect that it could not be said *as a matter of law* that the failure of a licensee to stop, look, and listen on entering upon a private railroad crossing, which has been long and generally used by the public with the company's knowledge and consent, amounted to such lack of ordinary care as would prevent a recovery except in a case of wilful and wanton misconduct on the part of the railroad company. *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708, 711 (39 S. E. 306, 54 L. R. A. 802) ; *Bullard* v. *So. Ry. Co.*, supra; *Columbus R. Co.* v. *Peddy*, 120 *Ga.* 589 (5) (48 S. E. 149) ; *So. Ry. Co.* v. *Slaton*, supra. See also, in this connection, *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49) ; *Columbus R. Co.* v. *Peddy*, supra; *Collum* v. *Ga. Railway & Electric Co.*, 140 *Ga.* 573 (3) (79 S. E. 475).

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*