38199.   MARTIN, as Next Friend *v.* SEABOARD AIR LINE RAILROAD COMPANY.

DECIDED MAY 24, 1960—REHEARING DENIED JUNE 9, 1960.

*Marson G. Dunaway, Jr.,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, William H. Schro-der, Robert L. Pennington, Henry A. Stewart, Sr.,* contra.

BELL, Judge. The petition in its entirety suggests two possible causes of action. One is the well-known doctrine of attractive nuisance more commonly known in this State as the "turn table" doctrine. The other is based on the duty of an owner of property toward licensees. Each of these will be considered by the court in determining whether or not a cause of action is alleged in the petition.

The position of the courts in Georgia and throughout the nation toward the inter-relationship between a property owner and children who go onto his premises, and the responsibilities and duties put upon the property owner when the child is injured upon his premises, has been one of considerable contem-

plation for many years. The image of this judicial meditation is now clearly reflected in all jurisdictions. From the first early consideration the doctrine of attractive nuisance, or the "turn table" doctrine, has developed into one which now in substance makes the owner of premises responsible for injuries to a child when the premises are maintained in such a condition that it is dangerous to children who are unable to appreciate the peril when such condition can be reasonably expected to attract children and thus occasion injury to them because of the dangerous condition of the premises unreasonably permitted to exist. This "attractive nuisance" doctrine was developed for the benefit of children coming upon the property even though the child was a trespasser. The doctrine was accepted by a great majority of jurisdictions in the United States, but its range of application has varied greatly within them. Some jurisdictions have totally refused to accept the doctrine. 38 Am. Jur. 802, Negligence, § 142. Georgia at a very early date accepted the "attractive nuisance" tenet usually designating it, however, as the "turn table" doctrine. *Ferguson* v. *Columbus & Rome Ry.*, 77 *Ga.* 102. Nevertheless both the Supreme Court of Georgia and the Georgia Court of Appeals have consistently through the years limited the scope of operation of the "turn table" doctrine both by their statements of policy and their decisions on facts. The Georgia courts, although applying this doctrine, have restricted its application to situations in which the dangerous instrumentality must be one of actual and compelling attraction for children. *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153 (178 S. E. 451); *Atlantic Coast Line R. Co.* v. *Corbett*, 150 *Ga.* 747 (105 S. E. 358); *Macon, Dublin &c. R. Co.* v. *Jordan*, 34 *Ga. App.* 350 (129 S. E. 443); *Seaboard Air-Line Ry.* v. *Young*, 20 *Ga. App.* 291 (93 S. E. 29). There is no question but that this court in interpreting and applying the law as set forth by the Supreme Court of this State and many prior decisions of this appellate court, must hold as a matter of law, that a railroad rail, located as the one here involved, was not within the rule of "attractive nuisance" or the "turn table" cases and therefore there was no cause of action stated on this ground.

The allegations of the petition clearly show that the infant was on the premises not by an express or implied invitation but that the infant was on the premises as a licensee. The boy was neither a customer nor a servant, nor did he stand in any contractual relationship with the owner of the premises. The owner of the premises is liable only to the licensee for wilful and wanton injury. Code § 105-402. Construing the allegations of the petition in the present case more strongly against the pleader as must be done on general demurrer (see *Henderson v. Baird,* 100 *Ga. App.* 627, 112 S. E. 2d 221), the petition alleges that the infant plaintiff and his companions were playing on and about the rail, and they attempted to walk along the rail from one pole to the other. At the time of the injury the infant plaintiff was playing on and around the steel rail and continued to play on and around the rail until the rail fell from the poles onto the plaintiff. From the facts alleged, it is evident that the petition sets forth a situation where no injury would occur unless someone disturbed the static position of the rail and caused it to fall. The facts alleged do not show that the toppling of the rail was caused by the defendant railroad company, but in reality they show that the rail must have been caused to fall by the plaintiff himself in his playing on and around the rail until it fell upon him. This case is clearly within the dictates of the recent case of *George v. Continental Wrecking Corp.,* 101 *Ga. App.* 538 (114 S. E. 2d 383), wherein the opinion delivered for the court by Judge Nichols, states (p. 541): "Construing the allegations of the petition in the present case most strongly against the pleader, as must be done on general demurrer, and construing them in the light of the omissions as well as the averments (see *Henderson v. Baird,* 100 *Ga. App.* 627, 112 S. E. 2d 221), the petition alleges that the 'porous, cinder-like base (under the tile and concrete surface) crumbled easily and under only slight weight or pressure thereon.' It was not alleged that the concrete and tile surface fell as a result of the 'cinder-like' base having given way under the weight of the 'tile-and-concrete' surface, and in view of the allegation that it would crumble under only 'slight weight or pressure' it must be assumed that added weight or pressure of some description was placed thereon. Was it placed there by

the defendant? If so it is not alleged, and it must be assumed on demurrer that it was not, for if it had, it would have been so alleged by the plaintiff. Was it placed there by the plaintiff or possibly by one of his playmates? If not, it is not so alleged, and under the decision of this court in *Henderson* v. *Baird,* 100 *Ga. App.* 627, supra, it must be assumed that the weight or pressure was applied by some person for whose actions the defendant corporation was not responsible. Accordingly, the petition sets forth a situation wherein no injury could occur unless added weight or pressure was placed on the 'concrete-and-tile' surface of the porch and in order for the defendant corporation to be liable for the plaintiff's injuries, it is necessary that it be shown that such corporation was responsible for such added weight or pressure being placed thereon. No such allegations appear in the petition and such absence of allegations must be construed to mean that such fact did not occur. 'Failure to allege the essential facts by allegations that fall short of the essential facts must be construed to mean the absence of such essential facts. *Harrell* v. *Burch,* 195 *Ga.* 96, 98 (23 S. E. 2d 434); *Hulsey* v. *Interstate Life &c. Ins. Co.,* 207 *Ga.* 167 (60 S. E. 2d 353).' *Henderson* v. *Baird,* 100 *Ga. App.* 627, 633, supra."

Inasmuch as there is no cause of action stated on the grounds of an attractive nuisance or on the grounds of a duty to the infant licensee, and because the facts cannot be construed to venture any other grounds for a cause of action, it is held that the general demurrer was properly sustained by the trial court.

The plaintiff, in filing an amendment to the original petition, rendered it unnecessary for us to determine whether the original petition before amendment was subject to general demurrer. *Delcher Bros. Storage Co.* v. *Reynolds & Manley Lumber Co.,* 80 *Ga. App.* 288, 291 (55 S. E. 2d 864).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*