38734. MARTIN v. SEABOARD AIR LINE RAILROAD COMPANY.

TOWNSEND, Presiding Judge. In *Martin v. Seaboard Air Line R. Co.,* 101 Ga. App. 819 (115 S. E. 2d 248), the minor plaintiff's petition through his mother as next friend, for damages arising from injuries when a steel rail fell from its supporting posts and injured him, was held subject to general demurrer. The present action is a companion case by the infant's mother for loss of services and medical bills, and substantially the same facts are alleged with the additions herein noted. That opinion establishes that the minor in question was a licensee, that the attractive-nuisance doctrine was not involved, and that the railroad as a property owner was not liable on the wilful-negligence theory (such negligence being charged in both petitions) because "from the facts alleged, it is evident that the petition sets forth a situation where no injury would occur unless someone disturbed the static position of the rail and caused it to fall. The facts alleged do not show that the

toppling of the rail was caused by the defendant railroad company, but in reality they show that the rail must have been caused to fall by the plaintiff himself in his playing on and around the rail until it fell upon him." (p. 823). The present petition was drawn after the decision in the first *Martin* case, and it contains these additional allegations: "(18) As Roger Seabolt continued to play on and around the rail, a train of defendant passed the place where he was playing and the passing train, operated by defendant railroad corporation, jarred, shook and vibrated the steel rail and the posts on which it was placed causing it to become overbalanced and fall onto and across plaintiff's son's body, pinning him to the ground. . . (22) The said injuries to plaintiff's son and her damages resulting therefrom were proximately caused by the following wilful and wanton actions of defendant, evidencing a reckless disregard for the safety of plaintiff's son, after discovering plaintiff's son's presence at the place of injury. . . (H) It operated its train over the railway track at the place where Roger Seabolt was playing in the manner hereinbefore set out so as to jar, vibrate and shake the steel rail and the poles on which it was placed and thus cause the rail to fall onto the body of Roger Seabolt." In both petitions it is alleged that the defendant's employees operating the train should in the exercise of due care have seen the children along the right-of-way, and that the defendant had actual notice of the dangerous condition of the rail, which its employees placed in its dangerous condition.

This petition deals with the same persons, the same transaction, and the same alleged tort as does the *Martin* case, supra. The allegations as to the manner of the child's being on the railroad property, his purpose in being there, the fact that he and his companions attempted to walk along the rail from one pole to another, and that after his companions left, the child continued to play *on* and around the rail, all remain unchanged. It follows that this petition, like the first petition, shows the child to have been a licensee to whom under *Code* § 105-402 the defendant owed no duty except that of refraining from inflicting wilful and wanton injury upon him. While it is alleged that the railroad employees should have seen the child playing along the right-of-way, there is no allegation of either actual or constructive knowledge by such employees

that this child or any children were playing *on* the rail, nor is there any allegation that they knew or should have known that the vibration of a train passing along the track in the usual course of events would shake and topple the rail so that it would fall upon such a child. The first petition, by alleging that the children were playing on the rail and attempted to walk on it, was construed as alleging that the force applied by the children caused the rail to topple. This petition contains the same allegations, plus an allegation that the vibration of the train caused the rail to topple, but the most that can be said of the second petition is that it shows the two forces applied simultaneously—that of the children and that of the train—overbalanced the rail. The petition fails to show any knowledge on the part of the defendant that children did play on the rail, or were doing so at the time the train passed, and fails to show any facts which would raise a duty on the part of the defendant's employees operating the train to anticipate that its vibration, a necessary incident to continued travel over the track, would be enough under the circumstances shown to cause injury. If, therefore, the defendant was negligent in a manner proximately causing this injury, the quantum of negligence falls far short of that wilful and wanton misconduct which alone can sustain this cause of action as against a mere licensee. *Atlantic Coast Line R. Co. v. Burroughs,* 20 Ga. App. 197 (92 S. E. 1010), based on a duty to exercise ordinary care, is not in point, because, as pointed out in *Atlanta & West Point R. Co. v. Wise,* 190 Ga. 254 (9 S. E. 2d 63), *Code* § 105-402 has no application to an independent tort by a railroad company in the operation of its trains. This action is not grounded on negligence in the operation of the train, but is primarily based on the duty of the railroad as an owner of premises not to subject licensees coming on the property to wilful and wanton injury. The decision in *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161 (59 S. E. 442) is distinguished because in that case the owner of premises was held to have created a trap or pitfall by maintaining a heavy, overbalanced counter top which would be likely to fall over on the application of normal pressure, where he had actual knowledge of the presence of the licensee and the likelihood that he would lean against the counter. It is true that after an owner of property becomes aware, or should antici-

pate the presence of the licensee, the duty rests upon such owner to exercise ordinary care to avoid injuring him. *Cooper v. Anderson,* 96 Ga. App. 800 (101 S. E. 2d 770). The running of a train in an ordinary manner is not negligence, and nowhere does the petition show facts which would raise a duty on the part of the railroad to anticipate children playing on the rail in such manner that they would suffer harm by reason of an otherwise non-negligent act. This is true for the reason, as held in the *Martin* case, supra, that the rail did not constitute an attractive nuisance. "A non-negligent act, even though the proximate cause of an injury, will not impose liability on a railroad company as to a licensee who, while standing near the track is injured by a passing train." *Hunt v. Central of Georgia Ry. Co.,* 7 Ga. App. 375 (66 S. E. 1039). It follows that the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 21, 1961—REHEARING DENIED MARCH 8, 1961.

*Marson G. Dunaway, Jr.,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, Robert L. Pennington, Henry Stewart, Sr.,* contra.