38723.   ANDERSON, by Next Friend v. B. F. GOODRICH
COMPANY.

Decided April 4, 1961.

454

*Frank M. Gleason,* for plaintiff in error.

*Goins, Gammon & Baker, Langford & Stolz,* contra.

BELL, Judge. The issue raised by this appeal is whether a 10-inch chain with a sharp pointed hook at its extremity dangling from the rear of a pickup truck properly parked on the premises of one of the defendants, is an attractive nuisance to children of tender years.

The attractive nuisance doctrine was developed for the benefit of children coming upon property even though trespassing. It has now been accepted in a great majority of the jurisdictions of the United States. 38 Am. Jur. 802, Negligence, § 142. See *Martin v. Seaboard Air Line R. Co.,* 101 Ga. App. 819 (115 S. E. 2d 248)[1]. Shortly after the origin of the doctrine in the case of Sioux City & Pac. R. Co. v. Stout, 17 Wall. (U. S.) 657, 21 L. Ed. 745, the Georgia Supreme Court adopted it in *Ferguson v. Columbus & Rome Ry.,* 75 Ga. 637, s. c., 77 Ga. 102. However, both the Supreme Court and the Court of Appeals of this State have been reluctant to extend the doctrine beyond its restricted application to situations in which the dangerous instrument is found to be one of actual and compelling attraction for children. *Atlantic Coast Line R. Co. v. O'Neal,* 180 Ga. 153 (178 S. E.

451); *Atlantic Coast Line R. Co. v. Corbett*, 150 Ga. 747 (105 S. E. 358); *Macon, Dublin &c. R. Co. v. Jordan*, 34 Ga. App. 350 (129 S. E. 443); *Seaboard Air-Line Ry. v. Young*, 20 Ga. App. 291 (93 S. E. 29); *Martin v. Seaboard Air Line R. Co.*, 101 Ga. App. 819 (115 S. E. 2d 248).

In *Brown v. Bone*, 85 Ga. App. 22 (68 S. E. 2d 190), the plaintiff, a child five years of age, was injured by the soil pan of a bulldozer falling on him when playing with other children; the defendant had parked or stored the bulldozer in a statical condition, with the soil pan suspended in the air instead of resting on the ground; and the children were playing around and on the bulldozer in the presence of the defendant and in full view of and with the knowledge and consent of the defendant. There the petition charged that while the plaintiff was playing directly under the suspended pan, the pan dropped upon him without warning, causing near fatal and permanent injuries. The judgment of the trial court sustaining the general demurrer was affirmed by this court, which stated that: "Here the evidentiary facts pleaded are not such as to demand the inference that the bulldozer with the pan suspended in the air was a trap creating a dangerous peril, which was the equivalent of wilful and wanton negligence. On the contrary, from the evidentiary facts stated in the petition, the inference may fairly be drawn that the proximate cause of the injury to the plaintiff was the intervening and independent act of the plaintiff himself or his playmates, and that the petition did [not] set out a cause of action against the defendant . . . " The court went on to hold that the doctrine of the turntable cases should not be applied to useful machinery in a statical condition on an unenclosed lot on which the defendant was constructing a house.

The reasoning and the words employed in the *Bone* case are applicable to the situation presently before us. The truck here and its dangling chain were in a statical condition on the premises of one of the defendants, and without the intervention of third parties neither would have caused injury to anyone. See *George v. Continental Wrecking Corp.*, 101 Ga. App. 538 (114 S. E. 2d 383).

Clearly, it would violate the frequently reiterated policy of the

two appellate courts of this State to extend the doctrine of the turntable cases to a truck parked on the premises of the defendant, even though it had a hook and chain dangling from its end. See the case of *Hornsby v. Henry*, 68 Ga. App. 171 (22 S. E. 2d 326), where a lighted match struck by one of two boys playing around an abandoned truck caused an explosion of the gasoline tank which ignited the clothes of one of the boys, resulting in fatal burns.

Assuming without deciding that the plaintiff here was due the duty of ordinary care, we do not find in the petition any charges of actionable negligence. The truck did not, as a matter of law, threaten any unreasonable risk or harm nor any reasonably foreseeable risk of injury to children of tender years. One is not bound to foresee and guard against casualties which are not reasonably to be expected or which would not occur save under exceptional circumstances, or which result from an unexpected act of the person injured. *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 336 (15 S. E. 2d 797). It is at least an exceptional circumstance that a two-year-old child should climb into the back of a pickup truck and then fall, impaling himself on a hook at the end of a chain hanging from the back of the truck.

There being neither a factual situation to which the doctrine of the turntable cases would apply, nor any actionable negligence charged otherwise, the trial judge did not err in sustaining a general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*