### 39434. STARLAND DAIRIES, INC. v. EVANS, by Next Friend.

RUSSELL, Judge. 1. (a) The defendant Starland Dairies, Inc. assigns error only on the overruling of its general demurrer to a petition alleging that the plaintiff, a two and a half year old child, sustained described injuries resulting from defendant's negligence in leaving a horse-drawn milk wagon, located on a utility road serving apartment houses, unattended with children, including the plaintiff, playing on and around it. The infant plaintiff climbed into the open wagon, was thrown out when the horse jerked the wagon forward, and was run over by the rear wheel of the vehicle. The defendant strongly contends that the action is based on the attractive nuisance doctrine, and, as such, fails to state a cause of action. It is interesting to note that Lynch v. Nurdin, 1 QB

30, 41 ECL 422, 113 Reprint 1041, which case is credited in 65 CJS 455, § 29 (1) with originating the attractive nuisance doctrine, involved an identical set of facts. The court there held that should it appear that the horse and wagon were left deserted in a spot where "large parties of young children might be reasonably expected to resort . . . it would be hard to say that a case of gross negligence was not fully established." The petition in this case alleges that it was the custom of the driver of the milk wagon to allow the neighborhood children to gather around the horse and to get in and out of the wagon while he went to deliver milk, and negligence is also assigned upon his custom of permitting the children to do so.

(b) The first application of the attractive nuisance doctrine in Georgia probably occurs in *Ferguson v. Columbus &c. Railway,* 77 Ga. 102, which involved a turntable, and it has frequently been stated since that the doctrine will not be extended to cases which on their facts do not come strictly and fully within the principle there expressed. *Manos v. Myers-Miller Furniture Co.,* 32 Ga. App. 644, 646 (124 SE 357); *Haley Motor Co. v. Boynton,* 40 Ga. App. 675 (150 SE 862); *Martin v. Seaboard Air Line Ry. Co.* 101 Ga. App. 819 (3) (115 SE2d 248); *Anderson v. B. F. Goodrich Co.,* 103 Ga. App. 453 (2) (119 SE2d 603). The function of the so-called turntable doctrine is to remove an infant trespasser from the law applicable to trespassers generally, which is that the owner of land has no duty to keep his premises safe as to them, by indulging in the legal fiction that the attractiveness of the instrumentality to the child constitutes an implied invitation to him to come on the premises and thereby raises the owner's duty to the exercise of ordinary care to avoid injuring him. *Southern Cotton Oil Co. v. Pierce,* 145 Ga. 130 (88 SE67 2). It only comprehends instrumentalities "inherently dangerous, as well as attractive, to the finder, such as weapons, explosives, turntables, or objects of that type, which are not commonplace." *Southern Bell Tel. &c. Co. v. Brackin,* 215 Ga. 225, 227 (3) (109 SE2d 782). Horses are certainly less common now than they were in the day of Lynch v. Nurdin, supra. However, whether or not a horse-drawn wagon can still fit into the category of attractive nuisances need not be decided here, for in the first

place it is not alleged that the plaintiff was a trespasser, the facts alleged showing that she was a licensee playing about the wagon with the actual knowledge of the defendant's employee who customarily permitted such activities, and in the second place the petition contains no allegation that the horse and wagon was such an instrumentality as to prove inordinately tempting or enticing to children to come and play on it. We agree with the learned trial judge that the action is not based upon the so-called attractive nuisance doctrine.

3. In the taxonomy of negligence law, the attractive nuisance doctrine is but another way of saying that under given circumstances the defendant is liable for the consequences of his negligence where he should in the exercise of ordinary care have foreseen that harm would result to an infant trespasser whose presence he should have anticipated. The same result may be arrived at without invoking the doctrine where the infant is not a trespasser and the duty to exercise due care under the circumstances has not been met. It has been said that as to an infant licensee the owner may be bound to use a greater quantum of precaution than he would in behalf of an adult invited guest. *Cook v. Southern Ry. Co.*, 53 Ga. App. 723, 727 (187 SE 274). This is particularly true where the defendant or his servant, by reason of his custom of allowing children to foregather at the place in question, has a duty in law to anticipate their presence, and to exercise ordinary care to avoid injury to them. *Atlantic Ice &c. Co. v. Harris*, 45 Ga. App. 419 (2) (165 SE 134). The general rule is that where a horse and wagon are left unattended with the result that, due to some action on the part of the horse, another person is injured, the question of negligence in not taking proper precautions to harness the animal is for the jury. *Phillips v. Cleveland*, 31 Ga. App. 206 (120 SE 639); *Phillips v. Dewald*, 79 Ga. 732 (7 SE 151, 11 ASR 458). In the latter case it was held: "Every horse, whatever, no matter how gentle and amiable, must be properly attended or secured in the crowded business streets of a city, when there by the act of the owner and subject to his control. The instincts common to the species render this necessary, and of these instincts every owner must be presumed to have notice." Actionable negligence in failing to take such precautions is alleged in this case.

There was no error in overruling the general demurrer to the petition.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 25, 1962.

*Kirk McAlpin, Frank W. Seiler,* for plaintiff in error.
*William F. Braziel,* contra.