JOSIAH C. YORK, plaintiff in error, vs. DAVID CLOPTON, et al., defendants in error.

1. When a party has once had an opportunity of being heard, and neglects to assert his cause until the judgment of the Court has been made, settling the rights of the parties, he must abide the consequences of his neglect. A Court of Equity cannot relieve him therefrom, even when the judgment is manifestly wrong.

2. The ignorance of the sheriff as to what was his duty, under the circumstances, cannot protect him from liability for the neglect to perform that duty. Ignorance of the law excuses no man, least of all, a sheriff.

Bill in equity, and application for an injunction, in Polk Superior Court, decided by Judge DENNIS F. HAMMOND, at Chambers, on the 22d of November, 1860.

Several writs of *fieri facias*, issued from a Justice's Court of Paulding county, some in favor of David Clopton, some in favor of Ephraim Thompson, and some in favor of other persons, against Berrien Williams, were levied by A. B. Davidson, a constable, upon certain negro slaves, as the property of the defendant, Williams, and by said constable the *fi. fas.*, and the property levied on, were returned to Josiah C. York, the sheriff of Polk county, for sale according to law. On the day of sale, Edmond Williams and William W. Williams, as executors of old Mrs. Williams, filed a claim to the negroes in due form of law. The *fi. fas.*, with the levy thereon, and the claim, were returned, by York, to the Superior Court of the county of Paulding, to be there tried. Subsequently, the levy on the *fi. fas.* was dismissed, by order of the plaintiffs' attorney, for irregularity, and due entry of such dismissal made on the *fi. fas.*

On the 8th day of March, 1860, the *fi. fas.* were re-levied, by the constable, upon the same property which was then in the custody of York, the sheriff, and the constable exhibited to York the written instructions of the attorney of the plaintiffs, directing the constable to re-levy on the negroes, and take them out of York's custody, and turn them over to a third party. York refused to surrender the negroes.

York *vs.* Clopton *et al.*

Davidson, the constable, then gave the re-levied *fi. fas.* to York, the sheriff, who held them and the property without advertising or selling said negroes, or otherwise disposing of the same.

On the first day of May, 1860, a rule was served upon York, reciting that he had had ten *fi. fas.*, in favor of David Clopton, and three *fi. fas.* in favor of Ephraim Thompson, and other *fi. fas.*, all issued from a Justice's Court of Paulding county, against Berrien Williams, in his hands, with property levied on sufficient to satisfy them, and returned to him long enough before that time for him to have made the money, and directing him to appear at Polk Supeperior Court, then in session, and show cause on the next morning, or so soon as counsel could be heard, why he should not pay to plaintiff's attorney the sum due on all of said *fi. fas.* The rule also directed him to bring the *fi. fas.* into Court, with his actings and doings thereon.

On the 2d day of May, 1860, York made, through his counsel, a verbal answer to the rule, which was not sworn to, and the Court deeming the answer insufficient, granted a rule absolute, directing the sheriff to pay to Irwin & Lester, the attorneys of the plaintiffs, the principal and interest due on the *fi. fas.* The rule absolute set out by name *all* the *fi. fas.*, both those specified in the rule *nisi* by name, and those designated "*other fi. fas.*," therein, giving the principal, interest and cost due on them separately.

At the October Term, 1860, of Polk Superior Court, counsel for the plaintiffs in the *fi. fas.*, moved for and obtained an attachment for a contempt against the said York, and placed the same in the hands of John Peek, the coroner of Polk county, to be executed and enforced.

Between the time of obtaining the rule absolute and the attachment, York advertised the negroes for sale, but the executors of Mrs. Williams again interposed a claim, which was returned to Paulding Superior Court, and is still pending. Berrien Williams resides out of the State, and is insolvent.

Upon this state of facts, and on the grounds stated in the

opinion of the Court, York exhibited his bill, praying an injunction against the enforcement of the attachment, which injunction was refused by Judge Hammond, and it is to reverse that decision that the writ of error is prosecuted in this case.

FIELDER & BROYLES, BUCHANAN, for plaintiffs in error.

IRWIN & LESTER, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

This was an application, by bill in equity, for the writ of injunction to enjoin the collection or prosecution of an attachment issuing out of, and founded on, a rule absolute in the Superior Court of Polk county, against Josiah York, as sheriff of that county, in favor of David Clopton and others, as plaintiffs, in certain executions against one Berrien Williams. The application was based on several grounds set out in the bill, all of which I will notice in their proper order hereafter, and the injunction refused on all the grounds. This refusal is the error complained of in this record, and forms the subject for present consideration. We agree with the Court below, that the complainant failed to make such a case as would entitle him to the relief prayed for, and that the injunction was properly refused. The first ground amounts substantially to this, that after the claim of the property levied on by the executors of Mrs. Williams, together with the executions, had been returned by him to the Superior Court of Paulding county, for trial, he did not know that he was authorized to proceed with the advertisement and sale of the negroes, upon the return of the executions, the dismissal of the old levy for irregularity, the entry of a new levy on the same property, until he was advised that the first, or old claim, had been properly disposed of by the Court, and believing that he could not do so, in the absence of any notice or advice to the contrary, he held the executions for the purpose of returning the same to the next term of Paulding Superior Court for the trial of the claim,

York *vs.* Clopton *et al.*

without advertising or selling until Court came on in Polk county, when this rule was moved against him, to which he made a verbal showing, relying on some ground not included in the bill, that his counsel thought a sufficient showing to the rule. The Court, on the hearing, had overruled the showing, and made the rule absolute, from which the attachment issued, that he now, upon this and other grounds, seeks to avoid. We might dispose of this, and all other grounds in the bill, that existed at or anterior to the judgment of the Court on the rule, by the reply, that it was the duty of the sheriff, at the hearing of the rule, of which he had notice, to have then made and insisted upon all the grounds of defense that then existed to the rule, as it was his duty to do, and as he did not; that it is now too late to insist upon them by this bill. 1. When a party has once had an opportunity of being heard, and neglects to do so until the judgment of the Court has been made, settling the rights of the parties, he must abide the consequences of his neglect. A court of equity cannot relieve him therefrom, even when the judgment is manifestly wrong. Pollock vs. Gilbert, 16 Ga., 401. But as it is not necessary that we should put the decision on this ground, we will meet and dispose of the grounds of the bill on their merits. The gist of the first ground is, that the sheriff did not advertise and sell the property before the rule was moved against him, although he had plenty of time to have done so, because he did not know that it was his duty. He does not deny now but it was his duty, for it is clear that it was. The dismissal of the levy, whether by the act of the party or the Court, disposed of the claim, and a new levy made the filing of a new claim necessary, or a sale of the property. 2. The ignorance of the sheriff of what was his duty under the circumstances, cannot protect him from liability for the neglect to perform that duty. Ignorance of the law excuses no man, least of all a sheriff—for having undertaken to perform the duties of his office, he must know and perform them at his peril. 3. A second ground for relief, made in the bill and insisted on in the argument, is that several executions, to the amount of $185 00, are embraced in the

rule absolute, which were not included in the rule *nisi*, and upon which he was not called upon to answer. If this be true, that the rule was made absolute as to executions that were not in his hands, and levied upon the property, and to which his answer did not apply, the rule cannot be enforced against him as to those executions, but it is not necessary for him to come into a court of equity to get relief on that ground. A motion before the Court would afford him as full relief as a decree in equity; but I apprehend if the difficulty grows out of a mere imperfect description of the executions in the statement thereof, while all were alike in his hands at the same time, and all stood on the same footing, that the objection would not amount to much. 4. The next and last ground relied on in the bill, is that since the rule was made absolute, a claim has been interposed to the property, which is still pending, and undisposed of in the Superior Court of Paulding county. This claim was filed intermediate the rule absolute and the application, by the plaintiffs therein for the attachment. Against the allowance of the injunction on this ground, there are two sufficient reasons. First, it ought to have been shown against the issuing of the attachment—that is, it ought to have been relied on as a defense before the Court, on the application for the attachment. Secondly, to have been good as a reason why the attachment should not be collected or prosecuted at any time after judgment of the Court on the rule, it should have been made to appear affirmatively that the property was not subject to the executions, and after the judgment, this could only appear by a judgment of the Court declaring the property not to be subject.

Let the judgment be affirmed.