SCHWAB F. CHARLES, plaintiff in error, *vs.* JOSEPH D. FOSTER, defendant in error.

1. Claim affidavit and bond, purporting to be executed in another state before a notary public thereof, cannot be received by a levying officer in this state without due authentication: See *21 Georgia Reports, 208, 161.*

2. The seal of the notary is not authentication; nor is the certificate and seal of the clerk of a court of record, without a further certificate from the judge, chief justice or presiding magistrate of such court.

3. The claim papers being unauthenticated, and the only security upon the bond being a non-resident of this state, and so appearing on the face of the in-

strument, a deputy sheriff who received the papers and accepted the security, and who, for no reason but the interposition of this claim, failed to sell land which he had under levy and advertised for sale, is, *prima facie*, liable to rule for the money which he ought to have raised by a sale of the land; and his sworn answer that he acted in good faith will not protect him, it not appearing that he made any effort to enlighten his good faith with proper knowledge.

4. It is not matter for answer to a rule for not selling property levied upon under an execution founded on the judgment of a court of competent jurisdiction, that the judgment was obtained by fraud. The levying officer cannot go behind the judgment to excuse his delinquency.

5. Where there is no clerk's certificate attached to the bill of exceptions, but the certificate to the record stated "that the accompanying is the original bill of exceptions in said case," and both papers reached the clerk's office of the supreme court together, the writ of error will not be dismissed. (R.)

Levy and sale. Claim. Rule. Comity. Practice in the Supreme Court. Before Judge KNIGHT. Forsyth Superior Court. April Term, 1876.

The opinion and the fifth head-note sufficiently report this case.

GEORGE N. LESTER, by C. D. PHILLIPS; RICHARD P. LESTER; ISAAC S. CLEMENTS, for plaintiff in error.

H. P. BELL; H. L. PATTERSON, for defendant.

BLECKLEY, Judge.

A deputy sheriff being ruled by the plaintiff in *fi. fa.* for not selling certain land which had been duly levied upon and advertised for sale, made answer that the sale was not had because of the interposition of a claim by a third person, not a party to the execution. The plaintiff traversed that part of the answer. It appears from the record that the claim referred to by the officer was an affidavit and bond purporting to have been executed in the state of Illinois, before a notary public of that state, and that both the claimant and her security in the so-called claim bond appeared on the face of that instrument to be residents of Illinois. The attestation of the notary to the affidavit, was under his seal of office, or

what purported to be such ; and the clerk of a court of record, under what purported to be the seal of said court, certified that the notary was duly commissioned, sworn and acting as such, that he was authorized to administer oaths, that the clerk was 'well acquainted with his handwriting, and verily believed his signature to be genuine. There was no certificate of any judge, justice or magistrate touching the clerk or his attestation. The bond, as copied in the record before us, was unattested ; but the same notary whose name appeared to the affidavit, certified, under his seal of office, that he had examined, on oath, the security upon the bond ; that the bond, from the best evidence at the notary's command, was amply sufficient indemnity for the amount therein specified, over and above all homestead and other exemptions allowed by the laws of Illinois, and that he, the notary, verily believed the bond sufficient for the purposes therein set forth.

1. An affidavit sworn to out of this state cannot be recognized here without due authentication : 21 *Georgia Reports,* 208; *Ibid.,* 161. And there is the same reason for requiring the execution of a claim bond to be authenticated. Unless these papers were both duly authenticated, the officer, for that reason, if for no other, ought to have rejected them.

2. As to notarial acts in the line of commerce, the seal of a notary public will serve for authentication : Code, section 3829. But in administering an oath, or taking bond, to be used in an ordinary claim case, the notary is out of the sphere of commerce ; he is a mere magistrate or justice of the peace, and when his act passes beyond his own state, his certificate and seal, unsupported, are worth nothing. He is there an official stranger, and needs a formal introduction.

3. And the certificate of the clerk of a court of record, under what purports to be the seal of the court, will not vouch for him. There is no law, common or statute, that makes such a voucher sufficient. Under the act of congress, even the judicial proceedings of the court itself could not be authenticated thereby, without a further certificate from the judge, chief justice or presiding magistrate, that the clerk's

Charles *vs.* Foster.

attestation was in due form. If the letter of the act of congress does not apply to the case before us, its spirit does, as there is certainly no reason for holding the clerk competent, by his mere certificate and seal, to impart authenticity to the act of the notary, when, by like means, he could not impart authenticity to the proceedings of the very court which he serves as clerk. We think, too, the uniform practice has been in accordance with this view of the matter. The claim which the officer accepted had the double infirmity of lacking authentication, and of presenting no sufficient security. The security, as well as the claimant, was a non-resident of this state. It is not shown, or, so far as we know, contended, that the security had any property or effects within this state. So far, therefore, from being good security, he was in a situation to be enjoined were he here engaged in a legal contest in regard to his own credits and liabilities; and the very ground for injunction would be that what he might owe or be found liable for, would be unsafe, or could be realized only in a foreign jurisdiction: 6 *Georgia Reports*, 220; 10 *Ibid.*, 128; 19 *Ibid.*, 277. The mere fact of non-residence subjects a party to attachment for his own debts: Code, section 3264. Is such a person fit to be taken as security in a legal proceeding? Surely not. When the statutes of Georgia authorize an officer of court or any ministerial officer to take security, the security contemplated is one within the jurisdiction of this state, amenable to our laws, and subject to be acted upon by our own courts. When the law of one sovereignty calls for security, it means a security within its own reach, and not a security which can be reached only through the law of another sovereignty. With reference to their domestic jurisprudence and internal administration, the American states stand to each other as foreign countries; and, upon principle, a Georgia sheriff might as well accept, as security on a claim bond, an inhabitant of Paris as an inhabitant of Chicago.

The officer in the present case answers, on oath, that he acted in good faith, and his counsel insists that if he committed an error in receiving the claim and in treating it as valid,

Charles *vs.* Foster.

it was an honest mistake, and, therefore, that the plaintiff's remedy is by action and not by rule and attachment. Whether the officer acted in good faith must be judged of, not by himself, but by the court, and the decision must be controlled by all the facts and circumstances of the particular case. Each case must stand on its own merits. What may have been the private thought and motive of the officer we cannot certainly know, but we can see in the facts nothing to have misled him in his duty. Courts must be slow to accept ignorance of law as an excuse for official misconduct: 32 *Georgia Reports*, 362. An officer must be diligent as well as honest. Not only must he purpose and intend to perform duty, but he must use his intelligence to discover what duty is; and if his own intelligence is not sufficient to deal with as plain a case as this, he cannot safely dispense with counsel. A sheriff is not required to keep an attorney to guide him; but if he cannot make his way through questions not more difficult than the average, he ought to take advice from some person better informed than himself. We think almost any intelligent business man could have suggested that a person residing in Illinois could not be a proper security on a claim bond in Forsyth county, Georgia. The answer to the rule does not pretend that the deputy sheriff took advice, or sought it, or that it was inaccessible. We do not say that greater diligence on this line would have afforded him absolute protection, but it would, at least, have given an appearance of probability to the hypothesis of good faith.

4. The answer, in one part of it, assails the judgment as fraudulent upon which was founded the execution that was levied on the land. That is not matter for such an answer. The judgment was rendered by the superior court of Forsyth county, and nothing is averred in denial of the competency of the court in point of jurisdiction. It is the business of the sheriff and his deputy to obey process of execution, and not to raise disputes with a plaintiff about fraud in his judgment.

The court below erred in discharging the rule; and we di-

rect that the case be reheard, with permission to the officer to amend his answer as he shall be advised.

Judgment reversed.