DAVID B. HARRELL, plaintiff in error, *vs.* HENRY G. FEAGIN, sheriff, defendant in error.

Where the untraversed answer of the sheriff shows that he acted in good faith in accordance with the advice of two counsel whom he consulted, and with the practice of the court at the time he acted, and with the rulings of the then presiding judge of the circuit, and that the plaintiff in the rule against him had so ruled in similar cases as judge of the circuit, and had not moved this rule against him until the defendant, with all his property, had left the state:

*Held*, that the sheriff was not in contempt, and the rule against him was properly discharged.

Sheriff.    Contempt.    Levy and sale.    Before Judge Crawford.    Stewart Superior Court.    October Term, 1876.

Reported in the opinion.

A. HOOD, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

The court below discharged a rule against the sheriff on the answer of that officer, the traverse thereto having been withdrawn, and a motion made to make the rule absolute. The movant excepted, and the question is, was the sheriff's answer sufficient to purge him of the contempt and to authorize the discharge of the rule?

The answer of the sheriff was, in substance, that he levied on property of defendant under the distress warrant of plaintiff, but that some of it was claimed by another party, and the balance was set apart as exemption and homestead —that on 18th of November, 1868, the distress warrant was sued out—that the proceedings to set the homestead apart were instituted on the 18th of November, 1868, and set apart on the 28th of the same month, and recorded on the 1st of December following; that he applied to counsel to advise him what to do, and he, under their advice, deliv-

ered up the property ; that two counsel so advised him, and that such was the law then administered in the judicial circuit, and that it was so held by the judge then presiding in the circuit, who was the present plaintiff in the distress warrant, and that his constant practice at the time, in cases of other *fi. fas.* and homesteads, was to do the same thing ; that no proceedings were instituted against him until after a decision by the supreme court that the rent was in the nature of purchase money, and the property exempted liable to the *fi. fa.*; and that then it was too late for him to reimburse himself, as the defendant had moved with everything he had to Alabama, before proceedings were begun by the plaintiff against him.

By reference to a case decided by this court in 56 *Ga.*, 612, it will be seen that a rule was made absolute against the sheriff for default in not asking the advice of counsel, and in that case it was intimated that if he had consulted counsel, and, thereby, had proved his good faith, the rule would have been discharged. And the reasoning is to the effect, that when the conduct of the sheriff—his acts—shows that he was trying to ascertain the law, and to do his duty with the process, that the rule ought not to be made absolute against him. The foundation of the rule is contempt of the court in not executing its process; but, when the facts show that the sheriff did what disinterested counsel told him to do under the law, and, moreover, what the presiding judge of the circuit held to be the law, and more especially when the plaintiff in the rule against him was the very man who presided in the circuit as judge, and had so repeatedly ruled the law to be, it would be too hard to hold him, the sheriff, in contempt, and make him pay the money, after the defendant in *fi. fa.* had gone out of the realm before the sheriff was moved against at all.

Judgment affirmed.