REED *v.* THE SOUTHERN EXPRESS COMPANY.

Where an ordinary draft horse attached to a vehicle is momentarily left standing in a street, adjacent to a sidewalk, and bites one passing by upon the sidewalk, the owner of the horse is not liable for the injury thus occasioned, it not appearing that the horse was, or had ever been, of a vicious nature, or that the owner had any reason to apprehend the animal would become so.
November 26, 1894.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. March term, 1894.

R. J. JORDAN, for plaintiff. DORSEY, BREWSTER & HOWELL and ERWIN, DUBIGNON & CHISHOLM, for defendant.

SIMMONS, Chief Justice.

Ordinary draft horses attached to a wagon of the express company were momentarily left standing, unattended, in the street, adjacent to the sidewalk, in front of a railroad depot, while the servant of the company who had charge of them went into the depot. The plaintiff was then passing along the sidewalk, and as she passed where the horses were standing, one of them turned his head around and bit her, thus injuring her severely. She brought this action against the express company to recover for the damages thereby sustained, alleging that it was negligence to leave the horses near the sidewalk unattended. She does not allege that the horse that bit her was vicious, or, if it was vicious, that the company or its servant had knowledge of the fact; nor is there any evidence, except as to what occurred on this occasion, which would tend to show that the horse was vicious. She relied solely upon the ground that the horse was left near the sidewalk unattended. She was nonsuited by the trial court, and brings that judgment here for review.

Under these facts we do not think the defendant was liable. There is no general propensity on the part of horses to bite persons who come near them, and when this is done at all, it is done by one that is exceptionally vicious. Where no such disposition has been discovered in a horse, the owner is under no obligation to anticipate that it will suddenly bite some passer-by who chances to come within its reach, and is not bound to guard against such an occurrence; and if the horse does bite somebody, and is not wrongfully in the place where this happens, the owner will not be held liable for the injury. The rule on this subject has been stated thus: "If domestic animals, such as oxen and horses, injure any one in person or property when they are rightfully in the place where they do the mischief, the owner of

such animals is not liable for such injury unless he knows they are accustomed to do mischief; and such knowledge must be alleged and proved. But if they are wrongfully in the place where they do the mischief, the owner is liable, though he had no notice that they were accustomed to do so before." 1 Am. & Eng. Enc. of Law, art. Animals, p. 578, and authorities cited. See also Cooley on Torts, pp. 341, 342 (2d ed. 402). In this case it appears that the horse was in its rightful place in the street; and it not appearing that the defendant or its servant in charge of the horse had any reason to suppose, before the injury occurred, that the horse was vicious or had a tendency to bite persons, the injury was not one which the defendant was bound to anticipate and guard against, and the leaving of the horse unattended was not such negligence as would entitle the plaintiff to recover. Of course if the horse had before manifested a disposition to bite people and the defendant or its servants knew of it, it would be negligence to leave the horse standing near the sidewalk unattended.

*Judgment affirmed.*