44694. CALDWELL v. GREGORY, by Next Friend.

ARGUED SEPTEMBER 11, 1969—DECIDED OCTOBER 9, 1969— REHEARING DENIED OCTOBER 23, 1969—

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White, for appellant.

David H. Fink, Bullock, Yancey & Mitchell, for appellee.

EVANS, Judge. In considering a motion for summary judgment, the purpose is to eliminate the necessity for a jury trial where there is no genuine issue as to any material facts, and the moving party is entitled to a judgment as a matter of law. Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); Holland v. Sanfax Corp., 106 Ga. App. 1, 4 (126 SE2d 442), and citations. The burden is upon the movant to pierce the pleadings, to establish the lack of a genuine issue of fact, and the movant's right to judgment as a matter of law, but any doubt as to the existence of such issue or issues is resolved against the movant, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. See the Holland case, supra, p. 5; Curry v. Durden, 103 Ga. App. 371 (118 SE2d 871); McCarty v. National Life &c. Ins. Co. 107 Ga. App. 178 (129 SE2d 408). Here the defendant submitted the affidavits of his wife and himself that they had no knowledge that Toto (the dog in question) was a dangerous or vicious animal and that they had never known of his attempting to harm a human being; and they did not know of any injury, disease or defect existing in the animal on the date he allegedly bit the plaintiff. It is the contention of appellant that he has thus shown that the de-

fendant had no knowledge of the vicious or dangerous nature of the animal, and that the plaintiff cannot prevail. He contends that before the owner could be held liable for an injury of another by alleged negligence in permitting the animal from viciousness or being a dangerous animal to inflict injury to person or property, it must appear the animal was dangerous or vicious, and the owner knew it. See *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818); *Chandler v. Gately,* 119 Ga. App. 513 (2) (167 SE2d 697).

However, there appears to be conflict in the affidavits in this regard which will prevent the granting of a motion for summary judgment. The affidavit of the plaintiff's mother was that the dog was known to be ill-tempered, and the wife of the defendant had stated to her that "she knew the dog was bad but she loved him." Also, "she indicated to me that she knew of his vicious nature but didn't want to get rid of him." This affidavit, from its contents, all of which is not shown above, shows it was made upon the personal knowledge of the affiant and not without her personal knowledge. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, supra, p. 5; *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90); *Cochran v. Southern Business University,* 110 Ga. App. 666 (139 SE2d 400). The affidavit is a sworn statement of what the wife saw, heard, and did when her son was bitten, and the above extracted phrases state what she heard and knew about the dog. The statement that the defendant's wife "indicated" to her certain things about the dog might on cross examination, thorough and sifting, show this was a conclusion. Nevertheless, without more it cannot be said to be a mere conclusion here. In addition to the above, attention is called to *Code* § 38-302, to the effect that facts to explain conduct and ascertain motives are allowed in evidence, and the same are admitted "not as hearsay, but as original evidence." The method of proving general reputation, reputed ownership, public rumor, general notoriety and the like, is by testimony of known facts which becomes original evidence and is not hearsay. It is admissible in evidence. *Bryan v. Watson,* 20 Ga. 480 (2); *Hogan v. State,* 76 Ga. 82; *Elder v. Stark,* 200 Ga. 452 (37 SE2d 598). In *Harvey*

*v. C. W. Matthews Contracting Co.,* 114 Ga. App. 866 (1) (152 SE2d 809) this court held that "Affidavits on motion for summary judgment are no place for opinions, ultimate facts, and conclusions of law, and should be restricted to admissible evidentiary facts, but the trial judge may consider such affidavits, and he is bound by the uncontradicted evidentiary matter in such affidavits, irrespective of the opinions, ultimate facts, and conclusion of law stated therein. *Code Ann.* § 110-1205; *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 147, supra; *Varnadoe v. State Farm Mut. Auto Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104); *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732)," yet the method of proving general reputation is that shown above, and summary judgment proceedings must follow the law.

The dog's propensity for being dangerous was also shown by the deposition of a neighbor, who was a most reluctant witness, showing the dog ran loose in the neighborhood most of the time, and indeed the dog was in plaintiff's yard when he bit the child. This witness finally admitted that the dog would lie in wait under the left front wheel of a newspaper carrier's truck on more than one occasion in order to lunge at the newspaper carrier although she later changed her testimony to say he only "barked" at him.

The affidavits and deposition, submitted by the plaintiff, are directly in conflict with those of the defendant, showing issues for a jury to determine. Further, at the very least, plaintiff's affidavits and the deposition, as discussed above, cast grave doubts and create inferences as to the knowledge of defendant about his dog's propensity for viciousness and being dangerous, and certainly knowledge of his wife, who kept the dog, fed, maintained and controlled him as admitted in his deposition, would reflect upon him since it was clearly shown he authorized her to be responsible for the dog. Where circumstantial evidence authorized an inference that parents had actual knowledge that their son was an incompetent driver, testimony of these interested parties contradicting the circumstantial evidence does not erase an issue of fact as to their knowledge to the point of demanding a summary judgment. *Harris v. Smith,* 119 Ga. App. 306 (167 SE2d 198). The direct testimony of an interested

party which conflicts with circumstantial evidence from which the existence of a fact might be inferred "does not erase an issue of fact to the point of demanding a summary judgment." *McCurry v. Bailey*, 224 Ga. 318 (1) (162 SE2d 9).

But it is also noted that this was a domestic animal which was not on his master's property but roamed loose in the neighborhood where he did not rightfully belong, and we call attention to the case of *Wright v. Turner*, 35 Ga. App. 241 (132 SE 650), by this court that if domestic animals are wrongfully in the place where they do the mischief the owner is liable, though he had no notice that they were accustomed to do so before. This case cites for its authority *Reed v. Southern Express Co.*, 95 Ga. 108 (22 SE 133, 51 ASR 62), that if such animals are wrongfully in the place where they do the mischief, the owner is liable though he had no notice. While some of the more recent decisions of this court seemingly have abandoned the above theory, this is still the law since it appears that the Supreme Court of this State would follow it. See *Browder-Manget Co. v. Calhoun Brick Co.*, 138 Ga. 277, 280 (75 SE 243). It would seem that if the animal was wrongfully in a place at the time he committed the injury that scienter is unnecessary. It is noted that the injury occurred in an urban area of DeKalb County in the back yard of the plaintiff and the petition alleges and avers that an ordinance of DeKalb County requires that all dogs be leashed or under control when they are away from their master's property.

Since the defendant has not pierced the allegations of the petition, he is not entitled to a judgment as a matter of law. The court did not err in denying the summary judgment. The enumeration of error is without merit.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*