45344. CONNELL v. BLAND et al.

Argued May 5, 1970—Decided September 8, 1970—Rehearing denied September 29, 1970—

*Conyers, Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*J. S. Hutto, Jerrell J. Hendrix,* for appellees.

PANNELL, Judge. Mr. and Mrs. Willie O. Bland brought an action against George R. Connell, seeking recovery of alleged damages sustained when a dog belonging to Connell ran into Mrs. Bland's legs while she was in her front yard, knocking her down and breaking one leg. Upon the trial of the case, Mrs. Bland testified that, on the evening in question, an accident had occurred in the street, and people were gathering, and that she came to her front porch door and the dog was sitting on her porch. She spoke to him to get out, the dog didn't move, but growled at her, she then went out her front door, out the other end of her front porch from where the dog stood and proceeded into the yard and stood there talking to a neighbor, the neighbor and Mrs. Bland standing at about a ninety degree angle to each other. After about five minutes had passed the dog struck Mrs. Bland's legs from behind and knocked her down, resulting in a broken leg. She did not see or hear the dog prior to his striking her, but as she fell she saw him. The neighbor identified the dog and testified that he also brushed against her after striking Mrs. Bland. Neither Mrs. Bland nor the neighbor heard the dog coming or heard him utter any sound such as a bark or growl. After the occurrence, the dog left the scene. There was testimony that the dog raided garbage cans and when disturbed or ordered to desist this activity, would stand his ground, and sometimes advance, and growl. There was evidence, though hearsay, that the dog had tried to bite the Blands' children as they played on their bicycles. Mr. Bland testified that he talked to Mr. Connell about these activities of the dog, but that Mr. Connell did not seem to believe it. Mr. Connell denied any such conversation. The evidence further showed that the dog on this particular occasion was let out by Mr. Connell. The evidence does not disclose that the Blands ever requested Connell to keep the dog off the Blands' premises. The jury found a verdict for the plaintiffs. The defendant filed a motion for judgment notwithstanding the verdict, said motion being based upon the following contentions: (a) that there was no evidence that the dog had ever demonstrated that particular conduct or characteristic which caused the injury; (b) that there was no proof at the trial showing the injury was caused by a dangerous or vicious act; (c) that there was no evidence at the trial showing the appellant had notice of

any prior conduct of the dog which caused the injury; and (d) that appellee assumed the risk. A motion for new trial was based upon the failure to charge certain requests to the effect that before the plaintiff could recover, the evidence must show that the defendant had knowledge of the dog's propensities to do the *particular act* which caused the injury. The motion for judgment notwithstanding the verdict and the motion for new trial were overruled and the defendant appealed to this court.

In order for the owner of a dog to be liable for its actions, not done by his command, it must be shown that the animal had vicious or dangerous propensities and it must be shown further that the owner knew of such propensities and that the injury complained of resulted therefrom. *Harvey v. Buchanan,* 121 Ga. 384 (49 SE 281); *Friedman v. Goodman,* 124 Ga. 532 (52 SE 892). There was evidence from which the jury could have found that the owner knew of the dog's propensity to growl at persons interfering with his activity in knocking over garbage cans, or at those ordering him to leave the area where he might be; but there is no evidence whatsoever that the dog had a habit of running into people or that the owner knew of such habit; nor is there any evidence that the dog was attempting to attack the wife of plaintiff at the time he ran into her legs. Whether or not it is necessary in such a case to show the dog had a propensity to do the particular act which caused the injury (see *Chandler v. Gately,* 119 Ga. App. 513, 519 (167 SE2d 697); compare, however, *Phillips v. Dewald,* 79 Ga. 732 (1, 2) (7 SE 151, 11 ASR 458)), or whether it is only necessary to show that the owner, from knowledge of particular propensities, should have foreseen any act was likely to occur which would cause injury, it is not necessary to decide, for in neither event has the plaintiff proved a case authorizing recovery. It is obvious that the requirements of *Chandler v. Gately,* 119 Ga. App. 513, 519, supra, have not been met. We also think it obvious that from the known propensities of the dog, it could not have been foreseen that he would run against a person's legs, when there is no evidence that in doing so he was attempting to attack or bite such person. The act of running into the plaintiff's legs, under the evidence here, was not a manifestation of the known vicious or dangerous propensities of the dog. On the contrary,

the evidence here only supports a finding of accidental injury in so far as liability of the defendant appellant is concerned. The case in this respect is controlled by *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818).

The appellees contended however that the dog was unlawfully upon their property, that is, he had no right to be there, and that the owner therefore was liable for whatever damages were occasioned by the acts of the dog, irrespective of any knowledge on the part of the defendant, relying upon *Reed v. Southern Express Co.,* 95 Ga. 108 (22 SE 133, 51 ASR 62); *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277 (75 SE 343); *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650); *Callaway v. Miller,* 118 Ga. App. 309, 311 (163 SE2d 336); *Caldwell v. Gregory,* 120 Ga. App. 536, 541 (171 SE2d 571). See also in this connection *Cox v. Murphy,* 82 Ga. 623 (9 SE 604); *Phillips v. Cleveland,* 31 Ga. App. 206 (120 SE 639).

From time immemorial dogs have been treated as a separate class of domestic animals. It has been generally held that under the common law, first, scienter must be shown, except where the dog at the time of the mischief is trespassing with its master; and, second, dogs are free commoners and have a right to the use of the public streets and their owner is in no way responsible for any damages caused by their appearance in such places. Brown v. Moyer, 186 Iowa 1322 (171 NW 297). See also Fairchild v. Bentley, 30 Barb. (N. Y.) 147; Brown v. Giles, 1 Car. & P. 118, 171 Eng. Reprint 1127; Sanders v. Taepe, 51 LTNS (Eng.) 263; Dimmock v. Allenby, 2 Marsh. (Eng.) 582. There was no action recognized under the common law against an owner or keeper of a dog for its unauthorized entry upon the land of another. Mitten v. Faudrye, Popham, 161, 79 Eng. Reprint, 1259, decided in 1626.

While the rule contended for by the appellees was discussed in *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277, supra, the court expressly made no ruling thereon. In *Reed v. Southern Express Co.,* 95 Ga. 108, supra, it is noted that the horse therein involved was in its rightful place and the following quotation is used from 1 Am. & Eng. Enc. of Law, art. Animals, p. 578: "If domestic animals, such as oxen and horses, injure any one in person or property when they are rightfully in the place where they do the mischief, the owner of such animals is not liable for such

injury unless he knows they are accustomed to do mischief; and such knowledge must be alleged and proved. But if they are wrongfully in the place where they do the mischief, the owner is liable, though he had no notice that they were accustomed to do so before." The same thing was held in *Wright v. Turner,* 35 Ga. App. 241, supra. The *Wright* case involved a horse. The quotation itself contained in both of these cases refers to domestic animals "such as oxen and horses." While dogs are domestic animals they are not "such as oxen and horses." We think that the ejusdem generis rule should apply in interpreting this holding. In all but one of the cases which we have examined this rule has not been applied to dogs (see in this connection *Cox v. Murphy,* 82 Ga. 623, supra; *Phillips v. Cleveland,* 31 Ga. App. 206, supra; *Callaway v. Miller,* 118 Ga. App. 309 (1), supra; *Starland Dairies v. Evans,* 105 Ga. App. 813 (125 SE2d 682)), except in *Caldwell v. Gregory,* 120 Ga. App. 536, supra, where this court, with the writer concurring, affirmed the denial of a summary judgment in an action involving a plaintiff being bitten by a dog on the ground there was a conflict in the evidence under the scienter rule and additionally made the following statement: "But it is also noted that this was a domestic animal which was not on his master's property but roamed loose in the neighborhood where he did not rightfully belong, and we call attention to the case of *Wright v. Turner,* 35 Ga. App. 241, supra, by this court that if domestic animals are wrongfully in the place where they do the mischief the owner is liable, though he had no notice that they were accustomed to do so before. This case cites for its authority *Reed v. Southern Express Co.,* 95 Ga. 108 (22 SE 133, 51 ASR 62), that if such animals are wrongfully in the place where they do the mischief, the owner is liable though he had no notice. While some of the more recent decisions of this court seemingly have abandoned the above theory, this is still the law since it appears that the Supreme Court of this State would follow it. See *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277, 280, supra. It would seem that if the animal was wrongfully in a place at the time he committed the injury that scienter is unnecessary. It is noted that the injury occurred in an urban area of DeKalb County in the back yard of the plaintiff and the petition alleges and avers that an ordinance

of DeKalb County requires that all dogs be leashed or under control when they are away from their master's property." In our opinion, this statement is obiter dicta and the rule therein sought to be applied does not apply to dogs. It has even been held in this State the "The biting of the plaintiff by a mad dog, which, in violation of a municipal ordinance, was allowed to run at large in the streets, gave no cause of action against the owner, under the allegations of the plaintiff's petition, it not appearing therefrom that the owner knew or had notice, either actual or constructive, of the condition of the dog." *Langford v. Eskedor,* 30 Ga. App. 799 (119 SE 431). In that case, the cases of *Reed v. Southern Express Co.,* 95 Ga. 108, supra, and *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277, supra, were cited, and it was held that the fact that the dog was at large in violation of the municipal ordinance does not alter the rule that scienter must be shown, citing as authority therefor *Harvey v. Buchanan,* 121 Ga. 384 (49 SE 281). So we accordingly must hold that the dog in the present case was not, under the law, a trespasser upon the property of the appellees (see Annotations in 85 ALR2d 1161, 33 ALR 1305 and 107 ALR 1323), and no recovery could be had in the absence of scienter. The fact that the dog is one of large size does not alter this rule and *Flowers v. Flowers,* 118 Ga. App. 85, supra, does not hold to the contrary.

The trial judge erred in refusing to direct the verdict for the defendant appellant and in refusing to grant the judgment notwithstanding the verdict. Under these circumstances, it is not necessary to rule upon the overruling of the motion for new trial or make any determination as to whether the refusal to charge certain requests was error.

Whether or not, if the appellees had requested the appellant that he not permit his dog upon their premises, a different result might have been reached, we do not decide, as no such request was made in the present case.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*