49715. JETT v. NORRIS et al.

PANNELL, Presiding Judge.

Jo Ann Franklin brought an action in tort against James Norris seeking recovery of damages occasioned by a collision in which the parties and their automobiles were involved. Defendant denies he was negligent and counterclaimed against the complaint and brought a third-party action against W. H. Jett, claiming Jett was

"negligent in causing a dog" owned by Jett to cross the road, which was the proximate cause of the collision between the complainant and the defendant—third-party plaintiff Norris. The third-party action also alleged (Par. 4) "that the negligence on the part of the third-party defendant was in violation of the DeKalb County Ordinance and constituted negligence per se." The allegations of negligence were expressly denied by Jett in his answer. Jett filed a motion for summary judgment accompanied by his affidavit. No evidence was submitted relative to the allegations of Paragraph 4 of the third-party complaint. The trial judge overruled the motion. *Held:*

1. The affidavit of the owner of the dog, in the absence of any evidence to the contrary (and the third-party plaintiff produced none), was sufficient to demand a finding of lack of knowledge of the owner that his dog had ever crossed a road in front of an automobile. See *Chandler v. Gately,* 119 Ga. App. 513 (2) (167 SE2d 697); *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214); *Carter v. Ide,* 125 Ga. App. 557 (2) (188 SE2d 275).

2. While there was no evidence by defendant showing he had complied with "the DeKalb County Ordinance" (assuming it to be one requiring dogs to be kept on the owner's premises, except when on a leash) this was not necessary; for where there is a lack of scienter even the breach of a leash law is not sufficient to hold the owner responsible for the acts of the dog. *Connell v. Bland,* 122 Ga. App. 507, 510 (177 SE2d 833) and cases therein cited and discussed. See also *Sellers v. Woods,* 129 Ga. App. 383 (199 SE2d 555) which is in accord with this ruling.

3. The trial judge erred in denying summary judgment for the third-party defendant.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., dissents.*

Argued September 4, 1974 — Decided December 5, 1974 — Rehearing denied December 19, 1974 —

*Greer, Pollock & Klosik, Frank J. Klosik, Jr.,* for appellant.

*Richardson, Chenggis & Constantinides, Robert P. Mallis, Thomas H. Knuth,* for appellees.

EVANS, Judge, dissenting.

The trial court denied defendant's motion for summary judgment and the majority reverses. I dissent and respectfully contend that the trial court correctly overruled defendant's motion for summary judgment.

A dog ran across a public and much-traveled street in DeKalb County, as a result of which there was an automobile wreck, brought on by the action of the automobile drivers in trying to avoid running over the dog. The owner of the dog was William M. Jett, third-party defendant. His motion for summary judgment was denied.

1. All of the evidence in motions for summary judgment must be construed most favorably towards the party opposing such motion; likewise all inferences arising from the evidence, both direct and circumstantial, must be construed most favorably towards the party opposing such motion; if more than one inference can arise from the evidence, the "duty of solving the mystery should be placed on the jury and not on the trial judge," and "the burden of demonstrating the lack of a substantial issue is on the party moving for . . . summary judgment." *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

2. Very significant and important allegations in the pleadings of Norris, the third-party plaintiff, have not been denied by the evidence of the third-party defendant, Jett; and, in fact, Jett's affidavit makes no reference to same. Said allegations are thus by Jett admitted to be true, more especially in view of the law as to the manner in which evidence in support of a motion for summary judgment must be construed, as is set forth in the *McCarty* and *Holland* cases, supra.

Norris alleged in paragraph 3 of his third-party complaint that Jett's negligence caused the dog to cross McElroy Road, and was the proximate cause of a resulting

collision between two automobiles, and paragraph 4 alleged: "That the negligence on the part of the third party defendant was in violation of the DeKalb County Ordinance and constituted negligence per se." Thus, Jett's failure to deny is an admission that his negligence in causing the dog to cross McElroy Road was the proximate cause of the resulting collision, *and that such negligence was in violation of a DeKalb County ordinance and was negligence per se.*

The foregoing amply authorized the trial judge to deny Jett's motion for summary judgment.

3. Jett's affidavit was further deficient in that it did not deny that Jett had knowledge that his dog used, roamed, and crossed McElroy Road. The affidavit simply denied that Jett had knowledge that his dog had ever caused a collision, or run in front of an automobile, or chased automobiles, or had bitten anyone. But the dog here was not charged with being a vicious dog, or a bad dog. The mischief here was caused by an unsupervised dog being allowed to use, roam in, and cross the heavily traveled public thoroughfare, resulting in a traffic collision when the automobile drivers tried to avoid running over the dog. The affidavit of Jett clearly states that the dog was turned loose twice each day and allowed to go wherever the dog's wishes or instinct directed him. Jett did not go with the dog — did not supervise him — did not watch him while he was in McElroy Road, — and, in fact, showed no intention or effort on Jett's part to keep the dog out of mischief. The dog did what comes naturally to a dog — he crossed the road — but his owner left him without guidance or supervision — in violation of a DeKalb County ordinance, and committed negligence per se.

4. The foregoing clearly shows that the trial judge did not err in denying Jett's motion for summary judgment and the case should end here. But the majority discusses "scienter," and contends that before the dog owner can be held liable, it must be shown that such owner had previous knowledge that the dog had committed the same or similar conduct which caused the collision. Even though not necessary to a determination of the question of summary judgment, a reply to this

contention is in order.

It is quite true that as to a *vicious* dog, knowledge by the dog owner of such viciousness must be shown before the owner can be held liable. The dog is entitled to "one bite." But here the dog was in the *wrong place,* and caused the collision, without any viciousness. No rule or statute provides that a dog in the wrong place is entitled to *one automobile wreck* before his owner can be charged with negligence. Some of the questions which Jett must answer are: 1. Was the dog in the wrong place? 2. Did the owner participate in his being in the wrong place? 3. Did the owner know that on previous occasions the dog had roamed at will without supervision? 4. Did the owner know or have reason to believe that the dog habitually roamed in, and crossed, McElroy Road? 5. Did the owner know of the heavy motor traffic that used McElroy Road? 6. When the owner turned the dog loose twice each day, what supervision was exercised over the dog and what care was taken to keep him out of McElroy Road? 7. Was the owner violating a public law (ordinance) in this conduct, which is negligence per se? 8. Did the dog owner know that an unsupervised dog in public traffic can be a disruptive factor, which may cause an automobile collision? See Code Ann. § 62-2003 (Ga. L. 1969, pp. 831, 832).

5. Our courts have held repeatedly that an owner is liable for his domestic animal which inflicts mischief when the animal "is *wrongfully in such place;* and proof of *scienter* is unnecessary." (Emphasis supplied.) *Browder-Manget Co. v. Calhoun Co.,* 138 Ga. 277 at 280 (75 SE 243). Holding to the same effect, see *Reed v. Southern Exp.,* 95 Ga. 108, 110 (22 SE 133), where it is held: "But if they [domestic animals] are wrongfully in the place where they do the mischief, the owner is liable, though he had no notice that they were accustomed to do so before." 1 Am. & Eng. Enc. of Law, art. Animals, p. 578 and authorities cited. Holding to the same effect are the cases of *Wright v. Turner,* 35 Ga. App. 241 (2) (132 SE 650);*Phillips v. Cleveland,* 31 Ga. App. 206 (120 SE 639). It has been suggested that perhaps oxen and horses are in a different category from dogs. This is not so. The rule applies whether the mischief is inflicted by horse, ox,

sheep, goat or dog. The only requirement is that such animal be within the category of "a domestic animal." Recently this court, in *McCree v. Burks,* 129 Ga. App. 678, 679 (200 SE2d 491), held that *a dog is a domestic animal.*

6. This court, in the recent case of *Caldwell v. Gregory,* 120 Ga. App. 536 at page 541 (171 SE2d 571), clearly and distinctly held that where a dog roams loose in the neighborhood and at a place where he did not rightfully belong and inflicts mischief, the owner of the dog is liable whether the owner had prior knowledge of the propensities of the dog for inflicting such mischief or not. This holding is not obiter dictum but is a vital part of the case, laying down one of the principles of law on which the case is decided. For authority see *Chandler v. Gately,* 119 Ga. App. 513, 519 (167 SE2d 697); *Dooly v. Gates,* 194 Ga. 787, 788 (22 SE2d 730); *Rivers v. Brown,* 200 Ga. 49, 52 (36 SE2d 429); *Vann v. American Credit Co.,* 115 Ga. App. 559 (2) (155 SE2d 459). This case has not been overruled or set aside, and is authority for the position taken in the case sub judice.

7. We recognize that the Court of Appeals, in the case of *Connell v. Bland,* 122 Ga. App. 507, 610 (177 SE2d 833), held that dogs have the right to use the public streets, and the owner is not liable for mischief inflicted unless he has previous knowledge of the propensity of the dog for inflicting such damage. But under the well known rule of stare decisis the older decision governs, where two decisions in the same court are in conflict. See *Frazier v. Southern R. Co.,* 200 Ga. 590, 596 (37 SE2d 774); *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585, 590 (171 SE2d 626); *Gray v. Gray,* 34 Ga. 499, 501; *Peppers v. Travelers Ins. Co.,* 48 Ga. App. 595 (173 SE 177); *McKibben v. State,* 88 Ga. App. 466, 474 (77 SE2d 86).

Thus, *Caldwell,* supra, being earlier than *Connell,* supra, and not having been overruled, should be followed as precedent on this point.