## 51485. McNAIR v. JONES.

QUILLIAN, Judge.

Plaintiff brought an action for damages contending that he sustained injuries from wrecking a motorcycle as a result of being pursued by defendant's dog. Defendant and plaintiff moved for summary judgment. The trial judge sustained the defendant's motion and denied that of the plaintiff. Appeal was taken to this court. *Held:*

1. The plaintiff contends "if domestic animals are wrongfully in the place where they do the mischief the owner is liable though he had no notice that they were accustomed to do so before," citing *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650); *Reed v. Southern Exp. Co.,* 95 Ga. 108 (22 SE 133); *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277 (75 SE 243); *Caldwell v. Gregory,* 120 Ga. App. 536 (171 SE2d 571); *Sullivan v. Goss,* 133

Ga. App. 217 (210 SE2d 366). In a whole court opinion we declined to apply this rule to cases involving the liability of the owner of a dog. *Jett v. Norris,* 133 Ga. App. 596 (211 SE2d 639), (cert. denied). Accord: *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833). See *Sellers v. Woods,* 129 Ga. App. 383 (199 SE2d 555). The owner is not responsible for the acts of his dog where there is a lack of scienter.

2. Did the proof offered in this case show that the defendant lacked knowledge of the propensities of his dog to chase vehicles (alleged to be the cause of the plaintiff's injuries)?

The affidavit of the defendant stated: "That at no time prior to said incident had she seen, heard, or had knowledge of her dog's chasing any motorized vehicle."

The plaintiff by deposition introduced the following proof. He stated that he knew the defendant and had visited her home. He had seen the dog and "I visited them before and before they let you in the house they have to lock him in a room. I have been shooting basketball at some of the neighbors' houses and he gets loose and everybody runs." He didn't remember who locked the dog in the room but "they kept him chained up all the time — most the time . . . in the backyard." He then explained that on one occasion while playing basketball at a neighbor's house the dog got loose and the plaintiff ran because he heard that one of his friends had been chased before. That on this occasion the defendant's child came and got the dog.

This evidence failed to show defendant's knowledge of acts by the dog related to those which caused the motorcycle wreck. " 'It is not enough . . . that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts.' " *Carter v. Ide,* 125 Ga. App. 557, 558 (188 SE2d 275). Accord: *McCree v. Burks,* 129 Ga. App. 678, 680 (200 SE2d 491).

In view of the defendant's positive statement of lack of knowledge, the plaintiff was faced with the necessity of rebutting same. On his failure to do so, summary judgment was properly granted for the defendant.

*Judgment affirmed. Pannell, P. J., and Clark, J.,*

*concur.*

ARGUED NOVEMBER 5, 1975 — DECIDED DECEMBER 5, 1975.

*Allison W. Davidson,* for appellant.
*Page, Scrantom, Harris, McGlamry & Chapman, John T. Laney, III, Vincent P. McCauley,* for appellee.