## 55487. TURNER v. IRVIN.

QUILLIAN, Presiding Judge.

The plaintiff filed an action for damages resulting from injuries he sustained when he was knocked off his motorcycle in a collision with defendant's dog. The defendant's motion for summary judgment was granted and this appeal followed. *Held:*

1. The trial judge did not err in granting defendant's motion based on the finding that the defendant lacked knowledge of the animal's propensity to do harm of the type which was inflicted. *Carter v. Ide,* 125 Ga. App. 557 (188 SE2d 275); *McNair v. Jones,* 137 Ga. App. 13 (223 SE2d 27).

2. "Where there is a lack of scienter even the breach of a leash law is not sufficient to hold the owner responsible for the acts of the dog. *Connell v. Bland,* 122 Ga. App. 507, 510 (177 SE2d 833) and cases therein cited and discussed." *Jett v. Norris,* 133 Ga. App. 596 (2) (211 SE2d 639).

*Judgment affirmed. Bell, C. J., Webb, Smith, Shulman and Birdsong, JJ., concur. Deen, P. J., and Banke, J., concur specially. McMurray, J., dissents.*

ARGUED MARCH 6, 1978 — DECIDED JUNE 15, 1978.

*Harrison, Hendon, Kovacich & Naughton, Matt Naughton,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Morris Weinberg, Jr., John T. Marshall,* for appellee.

DEEN, Presiding Judge, concurring specially.

As stated by the majority, we consider herein scienter as to the natural innate potential propensity of an animal's instinctive aggression to bite, kill or inflict harm. "While dogs are domestic animals they are not 'such as oxen and horses.' " *Connell v. Bland,* 122 Ga. App. 507, 511 (177 SE2d 833) (1970). None of the three are ferae naturae, that is of a wild nature or disposition. Dogs alone (maybe cats) have been singled out among domestic animals, even when they are wrongfully in the place (violating leash law) where they do their mischief, as attaining the prestigious distinction of being entitled to the "first bite." Horses and oxen, as domestics, do not have this preferential treatment unless they bite someone when they rightfully are in a place where they do the mischief. This may be because under the common law dogs and cats were expected usually to be trespassers while doing minimal property damage.

It is interesting to note the widespread interest in the law as to legally extending and affording the dog's "first bite" privilege doctrine to humans. See "We Dance Around in a Ring," American Bar Association Journal, November 1976, Vol. 62, p. 1467, suggesting man's alleged animal ancestral savage inherited propensity of a ferae naturae to bite or attack should excuse him, as it does a dog's owner without scienter from punishment or liability. "If the organism's response is normal . . . what can be accomplished by punishment?" Many subscribe to this myth which, if adopted, would create a crutch of excusability under the law. To this William Faulkner did not agree, stating: "Man will not merely endure; he will prevail because he alone among creatures has a spirit, a soul capable of compassion, sacrifice, love and endurance." Since man has a free will he is responsible for his acts.

The dog's recognition for this unique distinction may have come from his loyalty and faithfulness, as Senator Vest has stated, that if a man's spouse and children abandon him his dog remains faithful, and after he has departed this life his dog guards his graveside "faithful even in death."

"From time immemorial dogs have been treated as a

separate class of domestic animals." *Connell v. Bland,* supra, p. 510.

I am authorized to state that Judge Banke joins in this special concurrence.

MCMURRAY, Judge, dissenting.

This action involves a suit for damages resulting from injuries sustained when plaintiff was involved in a collision with defendant's dog on a street in the unincorporated area of DeKalb County, Georgia. Defendant moved for summary judgment which was sustained, and plaintiff appeals.

Plaintiff had alleged that the defendant was negligent in not properly controlling his dog "as required by law and reasonable judgment," and that said negligence was the proximate cause of his injury. Defendant denied the claim, contending also that plaintiff assumed the risk; plaintiff's negligence was equal to or greater than the negligence alleged against the defendant; and that this court lacked jurisdiction to enforce the DeKalb County leash law which did not apply to the situation here. By affidavit in support of the motion for summary judgment the defendant deposed that, "[d]uring the entire time I owned Cisco [the dog in question] and through the present, I had no knowledge of any tendency or propensity of Cisco to run after or into motorcyclists or cars traveling on the streets of my neighborhood. . . [and]. . . he remained consistently in my house or on my property." By deposition defendant deposed that he had allowed the dog to roam freely in the neighborhood on occasions and had not kept him on a leash continuously although he was usually tied up on a leash in his unfenced yard. In response, plaintiff deposed by affidavit that on at least four different occasions he had observed the defendant's dog "chasing [him] while I was riding my motorcycle," and "the defendant allowed his dog to roam freely in the neighborhood, onto the street and on other people's property and did not keep him in his yard." He also expressed an opinion in his affidavit that "defendant had sufficient notice to be aware of the dangerous tendencies of his dog and still allowed him to roam freely in the neighborhood," but on motion this

language was stricken.

The majority here hold that the trial court found that the defendant's lack of knowledge of the animal's propensity to do harm of the type which was inflicted was sufficient to grant the motion for summary judgment, and they affirm the judgment. To this I cannot agree.

In my opinion the rule as to scienter, or knowledge on the part of an owner of an animal as to its dangerous propensity, has no application here. The majority seemingly overlooked the rule that if an animal is wrongfully in a place at the time he commits an injury that scienter is unnecessary. See *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650); *Reed v. Southern Express Co.,* 95 Ga. 108 (22 SE 133); *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277, 280 (75 SE 243); *Caldwell v. Gregory,* 120 Ga. App. 536, 541 (171 SE2d 571). The above cases hold that if domestic animals are wrongfully in the place where they do the mischief, the owner is liable though he had no notice. Here the petition alleges that the incident in question occurred on a street in DeKalb County and that a DeKalb County ordinance is in existence prohibiting the owner of a dog to allow his dog to run outside his control in the unincorporated area of DeKalb County or on the property of others. It thus appears that the governing authority of DeKalb County has by ordinance, which has the force of law, modified Code § 105-110 by effectively declaring it dangerous for all dogs to roam at will not on a leash. Code § 105-110 clearly states that any person who keeps a "dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured." Whether or not DeKalb County has authority to adopt such ordinance is not here in question, but judging by the various statutes in Georgia concerning all forms of livestock as found in Code Ann. Title 62, Georgia is still an agricultural state, although in some localities it is becoming considerably industrialized and some of our counties have become extremely urban areas.

It cannot be said here that the defendant had no knowledge of the dog ordinance of DeKalb County, for

ignorance of the law excuses no man. See *Charles v. Foster,* 56 Ga. 612, 616; *York v. Clopton,* 32 Ga. 362, 365; *Derryberry v. Higdon,* 116 Ga. App. 381, 383 (1) (157 SE2d 559). See also in this connection the recent case of *Sullivan v. Goss,* 133 Ga. App. 217 (210 SE2d 366), which clearly holds that a recent statute makes the owner or custodian of a dog legally responsible for damages, death or injury caused by the dog. It is quite clear that the presumed knowledge of the owner by the adoption of the leash ordinance makes the defendant well aware that dogs could not run loose in DeKalb County.

The case of *Carter v. Ide,* 125 Ga. App. 557 (188 SE2d 275), cited by the majority is inapposite, for we do not have knowledge of the adoption of a dog control ordinance or other statutory requirements in that case. The same may be said of *McNair v. Jones,* 137 Ga. App. 13 (223 SE2d 27). In the case sub judice we do have a dog control ordinance and I feel this makes a difference. Everyone is presumed to know the law, even if it be a county ordinance adopted in the locality in which he lives.

But in addition the evidence of both the plaintiff and the defendant is sufficient to infer notice, or rather makes it a jury issue as to whether or not the defendant had notice that the dog was running loose in the neighborhood "onto the street and on other people's property and did not keep him in his yard," and "on at least four occasions" the dog was observed chasing motorcycles.

I therefore respectfully dissent.