## 64155. NIEBEL et al. v. BURKE.

SOGNIER, Judge.

William F. Burke sued Benjamin Niebel and Darryl Fierce for damages resulting from a collision between Burke's motorcycle and a dog owned by Niebel and Fierce. Niebel and Fierce answered and moved for summary judgment, filing supporting affidavits that during their ownership of the dog, neither of them had knowledge of any tendency or propensity of the dog to run after or into motorcyclists or cars travelling on the streets. Burke submitted a counter-affidavit of the dog owners' neighbor that the dog was allowed "to roam throughout the neighborhood at will, without any efforts to restrain the dog by use of a leash, a fence, or a dog pen of any sort ..." and that the neighbor had complained to Niebel and Fierce of this fact. Burke stated on deposition that the dog had chased his motorcycle on a previous occasion. However, Burke did not indicate that he had informed the owners of this fact.

The trial court denied the owners' motion for summary judgment and we granted interlocutory appeal. Appellants contend that the trial court erred in denying summary judgment in their favor. We agree and reverse.

*Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127) (1978), upon which appellants rely, is controlling. In that case, this court affirmed the granting of defendant's motion for summary judgment based on a finding that "the defendant lacked knowledge of the animal's propensity to do harm of the type which was inflicted." " 'Where there is a lack of scienter even the breach of a leash law is not sufficient to hold the owner responsible for the acts of the dog.

*Connell v. Bland,* 122 Ga. App. 507, 510 (177 SE2d 833) and cases therein cited and discussed.' *Jett v. Norris,* 133 Ga. App. 596 (2) (211 SE2d 639)." *Turner,* supra.

The facts in *Turner* were almost identical to those presented in the instant case. There, the defendant stated by affidavit: " '[d]uring the entire time I owned Cisco [the dog in question] and through the present, I had no knowledge of any tendency or propensity of Cisco to run after or into motorcyclists or cars traveling on the streets of my neighborhood . . .' " Id., at p. 220. The plaintiff in *Turner* deposed by affidavit that the defendant's dog had chased him on his motorcycle on at least four occasions and that " 'the defendant allowed his dog to roam freely in the neighborhood, onto the street and on other people's property and did not keep him in his yard.' " Id. at 220.

Appellee's evidence that appellants had been warned of their dog's propensity to roam the neighborhood and to come onto their neighbor's property does not distinguish the instant case from the facts in *Turner.* Appellee has not shown any evidence "from which it could be found that [appellants'] dog had a propensity for the mischief complained of, and that the [appellants] knew of this specific propensity." *Mack v. Galbreath,* 149 Ga. App. 856 (256 SE2d 151) (1979). Accord, *Padgett v. Lambeth,* 162 Ga. App. 385 (290 SE2d 320) (1982). Hence, the trial court erred in not granting summary judgment to appellants.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 18, 1982.

*Glen Frick, R. Daniel McGinnis,* for appellants.
*Harold A. Horne, Jr., Clifton O. Bailey,* for appellee.